COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, Appellant,

v.

Dennis TARTER, Appellee.

No. 89–CA–001491–DG.

Court of Appeals of Kentucky.

Oct. 12, 1990.

Discretionary Review Denied by Supreme Court March 6, 1991.

Frederic J. Cowan, Atty. Gen., V. Lynne Schroering, Robert V. Bullock, Asst. Attys. Gen., Frankfort, for appellant.

Natty Bumppo, Brownsville, for appellee.

Before HOWERTON, C.J., and LESTER and STUMBO, JJ.

STUMBO, Judge:

The Transportation Cabinet, the appellant, asserts as error the decision of the Edmonson Circuit Court allowing Dennis Tarter, the appellee, to enroll in the state driver education program. The appellant argues that an individual arrested for DUI who refuses to take a breathalyzer test cannot petition the court to reduce the mandatory revocation period for his license, and that the court exceeded its limited jurisdiction in granting the petition. We disagree.

The appellee was arrested for driving a motor vehicle while under the influence. He refused to take a breathalyzer test, even after the officer explained the consequences of his refusal. The charges were amended to reckless driving and disorderly conduct by the district court, upon motion by the county attorney. The appellee applied to the district court, pursuant to KRS 186.565(7), to enroll in a driver education program to reduce the length of the suspension of his license due to his refusal to submit to the breathalyzer test. The district court found that the appellee had no previous convictions for violations of KRS 189.520 or KRS 189A.010, and therefore granted the appellee's application to driving school.

The appellant refused to enroll the appellee in driving school pursuant to OAG 88–41. By motion of appellee, the district court ordered the appellant to enroll the appellee in state driving school or be held in contempt for not doing so. The order was appealed to the circuit court. The appellant and appellee obtained orders to stay enforcement of the district court order and the revocation of the license respectively pending an appeal. The Edmonson Circuit Court affirmed the district court's ruling. This appeal followed.

This case is one of first impression in the Commonwealth. The interpretation of KRS 186.565, popularly known as the "implied consent law," is the focus of attention. That statute states in pertinent part:

> (1) Any person who operates a motor vehicle in this state is deemed to have given his consent to a test of his blood, breath, urine or saliva for the purpose of determining the alcoholic content of his blood, if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages or other substances which may impair one's driving ability....
>
> ....

(3) If a person under arrest refuses upon the request of a law enforcement officer to submit to a test designated by the law enforcement agency as provided in subsection (1) of this section ... the cabinet shall immediately serve notice upon said person ... to appear before the secretary or his duly authorized agent and show cause why his license to operate a motor vehicle ... should not be revoked....

(4) For the purpose of the hearing ... [t]he secretary within ten (10) days after the completion of the hearing shall order ... that the person's license to operate a motor vehicle ... within this state be revoked for a period of not more than six (6) months....

The appellant, pursuant to those sections cited, determined that the appellee's license should have been revoked for six (6) months. The Attorney General agreed in OAG 88–41. Opinions of the Attorney General are merely his interpretation of the law, not the law itself. In this particular case, we feel the Attorney General misinterpreted KRS 186.565.

KRS 186.565(7) states an exception to the six (6) month revocation period of a driver's license and provided in its entirety:

Any person who has had no previous conviction for violation of KRS 189.520 and who has refused to submit to a test of his blood, breath, urine, or saliva may apply to a district court of competent jurisdiction for permission to enter a driver's education program as provided pursuant to KRS 186.560. If he is permitted by the court to enter the program he shall be subject to the same terms and conditions as any other person entering the program. The cabinet shall suspend the license for six (6) months of any person participating in such program if he fails to satisfactorily complete such driver's education program.

The appellee, district court, and circuit court all assert that the appellee properly fits within this exception. This is so even though KRS 189.520, when read literally, purports to cover only operation of nonmotor vehicles since the adoption of KRS 189A.010. We agree for the following reasons.

All statutes should be interpreted to give them meaning, with each section construed to be in accord with the statute as a whole. *George v. Scent,* Ky., 346 S.W.2d 784 (1961). The implied consent law in KRS 186.565(1) specifically states that operators of *motor* vehicles are deemed to have given consent to a breathalyzer test. The entire purpose of the implied consent law was to control the number of persons driving motor vehicles while intoxicated. There is no statute that implies the operator of a nonmotor vehicle must submit to a breathalyzer test; therefore, KRS 186.565(7) would be meaningless unless it also applied to motor vehicles.

The Kentucky Supreme Court found that since KRS 189A.010 and KRS 189.520 covered the same type of conduct, namely driving under the influence of intoxicating beverages, that KRS 189.520 is included in KRS 189A.010. *Commonwealth v. Ball,* Ky., 691 S.W.2d 207 (1985). Likewise, it is easily reasoned that KRS 189.520, as used in KRS 186.565(7), must include 189A.010.

As we have shown, it is apparent the legislature mistakenly left reference of KRS 189A.010 out of KRS 186.565(7). Had that not been so, we would still be forced to decide in favor of the appellee. KRS 186.-565(7) expressly provides that anyone having no conviction for violation of KRS 189.-520 may apply to reduce the length of the revocation of a license. There was no evidence that the appellee had ever been convicted of a violation of KRS 189.520 or, for that matter, KRS 189A.010. So even taking the exception of KRS 186.565(7) literally, the appellee was still eligible to apply to reduce the time of revocation by attending driving school.

The final contention of the appellant is that the district court did not have jurisdiction to enter its order. Since we have

already found KRS 186.565(7) to apply to the appellee's situation, that statute also expressly authorized the district court to hear such cases.

For the reasons set out, we affirm the decision of the Edmonson Circuit Court.

All concur.