**Bobby Lee COMBS and Johnnie L. Turner, Appellants,**

v.

**HUBB COAL CORPORATION; Special Fund; George S. Schuhmann, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 96–SC–444–WC.

Supreme Court of Kentucky.

Nov. 21, 1996.

Ronald C. Cox, Buttermore, Turner, & Boggs, P.S.C., Harlan, for Appellants.

John Harlan Callis, III, Prestonsburg, for Appellee Hubb Coal Corp.

Judith K. Bartholomew, Labor Cabinet, Special Fund, Louisville, for Appellee Special Fund.

### OPINION OF THE COURT

This appeal concerns whether KRS 342.320 authorizes an Administrative Law Judge (ALJ) to limit an attorney fee to a "reasonable" amount where the contractual agreement between the worker and the attorney provides for the maximum fee allowable by law.

▬ Having considered the arguments of the parties, as well as the opinions of the ALJ, the Workers' Compensation Board (Board) and the Court of Appeals, we are not persuaded that the Court of Appeals erred in affirming the decision of the Board. Furthermore, since we conclude that the opinion of the Court of Appeals is sound and well-reasoned, we adopt it in full and set it forth as follows:

"BEFORE: DYCHE, JOHNSON, and JOHNSTONE, Judges.

"JOHNSTONE, JUDGE. The issue presented by this petition is whether the administrative law judge may limit an attorney's fee to a reasonable amount under the authority of KRS 342.320(1), notwithstanding the fact that a contractual fee agreement with the claimant provides for the maximum fee allowable by law. The Workers' Compensation Board concluded that the fee approval statute evinces a legislative intent that an impartial fact finder balance the respective interests of attorney and client in proceeds of a compensation award and, to that end, authorized the ALJ to reduce a fee which is unreasonable in light of specifically articulated factors. We find no error in that assessment and, accordingly, affirm the opinion of the board.

"Claimant Bobby Lee Combs was awarded total occupational disability benefits under KRS 342.732(1)(d) due to his contraction of coal workers' pneumoconiosis. The Special Fund petitioned for reconsideration of that portion of the award addressing liability for payment should the claimant outlive his life expectancy. In an order sustaining the fund's position, the ALJ resolved counsel's motion for a fee in the amount of $29,837.46, by reducing the fee allowed to $8,200. The ALJ rendered detailed findings in support of his decision to reduce the allowable fee, noting that counsel's affidavit failed to conform to 803 KAR 25:011, Section 4(6) in that the time expended in rendering the enumerated services was not provided. A line-by-line review of the services listed resulted in a calculation that approximately 21.5 hours of professional time had been expended in pursuing the claim. In concluding that the requested fee was not reasonable in light of the statutory factors, the ALJ found that all the evidence in the proceeding had been introduced by medical reports, that no depositions had been taken, and that no hearing had been conducted. He also specifically noted

that the most lengthy pleading in the record was the attorney's motion, affidavit, and order requesting approval of his fee.

"Utilizing his calculation of 21.5 hours of professional time, the ALJ determined counsel's hourly rate for the requested fee would total $1,387.79 per hour. In addition to the statutorily mandated factors, the ALJ stated that he had considered a Kentucky Bar Association survey concerning typical hourly rates for attorneys in various parts of the state and ultimately concluded that a reasonable fee in this case is $8,200, at an hourly rate of $400.

"In his appeal to the board, counsel asserted that the ALJ abused his discretion in refusing to approve the contractual amount of the maximum allowed by law. Relying upon the language of KRS 342.320(5)(b), counsel insisted that if the statutory limit on fees has been observed, the ALJ has no discretion and must approve the contractual amount. The board rejected this contention, opining that under counsel's construction a significant portion of KRS 342.320 is rendered meaningless. We agree.

"The starting point for our discussion is necessarily the pertinent portions of the statute [1] in question:

(1) *All fees of attorneys* and physicians, and all charges of hospitals under this chapter, *shall be subject to the approval of the administrative law judge pursuant to the statutes and administrative regulations.... Provided, however, the administrative law judge, in making an allowance of attorney fees, shall in each case examine the record to ascertain the extent of the services rendered, and fix a reasonable fee for the services rendered, not to exceed the maximum authorized by this section.* The factors to be considered by the administrative law judge in making the allowance of attorney fees shall include, but not necessarily be limited to: nature, scope, and quality of the attorney's services; level of skill and competence required of the attorney in rendering the services; results achieved; experience and skill level of the attorney; and contingent nature of the case. In the order making the allowance of attorney fees, the administrative law judge shall set forth findings sufficient to support the amount approved. *The administrative law judge may reduce the attorney's fee to an amount commensurate with the services performed,* or may deny or reduce an attorney's fee upon proof of solicitation of employment. Any award made to a claimant in a nonresisted claim as established under the provisions of KRS 342.316 shall result in an award of an attorney fee not exceeding seven hundred fifty dollars ($750).

. . . .

(5) *The administrative law judge shall approve any contract between attorney and client if the limits on fees enumerated below are followed:*

(a) When the claim is uncontested under the provisions of KRS 342.316, the attorney fee shall not exceed an amount equal to seven hundred fifty dollars ($750).

(b) *In all other claims, the fee of the attorney shall not exceed the amounts provided in subsection (1) of this section.*

KRS 342.320 (emphasis added).

"General rules of statutory construction govern our attempt to reconcile what appellant perceives to be a conflict between sections (1) and (5) of the fee approval statute. We start with the well-established premise that in construing legislative enactments, courts "should look to the letter and spirit of the statute, viewing it as a whole...." *City of Owensboro v. Noffsinger,* Ky., 280 S.W.2d 517, 519 (1955). Where there is apparent conflict between sections of a statute, courts must endeavor to harmonize its interpretation so as to give effect to both. *Kentucky Insurance Guaranty Association v. NREPC,* Ky.App., 885 S.W.2d 315 (1994). In so doing, the reviewing court must attempt to construe the statute in such a manner that " 'no part of it is meaningless or ineffectual.' " *Brooks v. Meyers,* Ky., 279 S.W.2d 764, 766 (1955). Finally, we are required to observe the directive set out in *Commonwealth of Kentucky, Transportation Cabinet v. Tarter,* Ky.App., 802 S.W.2d 944

---

**1.** The quoted statute was amended effective April 4, 1994, making even clearer the legislature's intent that contractual fees are subject to approval.

(1990), that each section is to be construed in accord with the statute as a whole.

■ "Applying these principles to KRS 342.320, we are persuaded that the legislature intended to make the reasonableness of *all* fees subject to review by the ALJ. To hold otherwise would render a substantial portion of section (1) a nullity. In our opinion, reading KRS 342.320 as a whole and attempting to harmonize sections (1) and (5), the reasonableness conditions set out in section (1) must be implied to be part of section (5).

"We view the board's interpretation of the statute as effectuating the overall munificent purposes of the Workers' Compensation Act in protecting injured claimants from potential overreaching in contracting for legal representation for the prosecution of their claims. Within the framework of the act as a whole, the board's view of KRS 342.320 is entirely reasonable and proper.

"The opinion of the Workers' Compensation Board is affirmed.

"ALL CONCUR."

STEPHENS, C.J., and KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

BAKER, J., dissents by separate opinion in which GRAVES, J., joins.

BAKER, Justice, dissenting.

Respectfully, I dissent.

A review of the legislative history of KRS 342.320 reveals that, from the outset, the attorney fee for representing a workers' compensation claimant has been subject to the approval of the fact-finder. Typical of the versions of KRS 342.320 which preceded it, the 1964 amendment provided for a maximum authorized attorney fee, at that time 20% of the amount recovered, and authorized the Board to reduce the fee in a given case "to an amount commensurate with the services performed." *Acts,* 1964, Ch. 192, § 25. In 1970, the statute was amended to provide, in addition, that:

the board, in making an allowance of attorney fees, shall in each case examine the record to ascertain the extent of the services rendered, and fix a reasonable fee for the services rendered, not to exceed the maximum authorized by this section.

*Acts,* 1970, Ch. 16, § 6.[1] It was not until 1974 that subsection (4) [now, (5) ] was added to the statute. *Acts,* 1974, Ch. 177, § 2. As amended in 1974, KRS 342.320(4) provided that, "The board shall approve any contract between attorney and client if the limits on fees enumerated below are followed...."[2]

When the legislature amended KRS 342.320 in 1974 and added subsection (4) to the statute, it was aware that subsection (1) permitted the fact-finder to fix a reasonable attorney fee. Nonetheless, the reasonableness determination set forth in subsection (1) was not altered. Therefore, it is my opinion that the use of the word "shall" in subsection (4) indicates a legislative intent to remove discretion from the fact-finder to reduce attorney fees when the limits enumerated therein were followed. Likewise, the retention of the reasonableness determination in subsection (1) indicates a legislative intent that the fact-finder fix a reasonable attorney fee in those cases in which there was no contract between the attorney and client.

Accordingly, I would reverse the Court of Appeals and remand the case to the ALJ for the entry of an attorney fee as provided in the contract between claimant and the attorney. Although such a result might seem unreasonable on the particular facts of this case, it is the function of the legislature to set

---

1. The various factors to be considered when determining a reasonable attorney fee upon which the Administrative Law Judge relied in this case were added to the statute in 1990. *Acts, 1990,* Ch. 352, § 1.

2. The attorney fee in this case was awarded in 1993. It was not until 1994, that KRS 342.320(5) was amended to provide, "The administrative law judge shall approve any contract between attorney and client if the fees are reviewed and approved by the administrative law judge pursuant to subsection (1) of this section and if the limits on fees enumerated below are followed...."

the parameters for awarding attorney fees in workers' compensation cases.

GRAVES, J., joins in this dissent.