**Walter F. MANIES, Appellant,**

v.

**Lawrence CROAN, Paul Miller Clark, and Evelyn E. Clark, Appellees.**

**No. 96–CA–1300–MR.**

Court of Appeals of Kentucky.

Feb. 27, 1998.

Case Ordered Published by Supreme Court Oct. 7, 1998.

James T. Kelley, Elizabethtown, for appellant.

David T. Sparks, Bell, Orr, Ayers & Moore, Bowling Green, for The Clarks.

Mark M. Sandmann, Ewen, Hilliard & Bush, Louisville, for Lawrence Croan.

Before ABRAMSON, COMBS and SCHRODER, JJ.

*OPINION*

ABRAMSON, Judge.

Walter Manies appeals from an April 4, 1996, summary judgment of Grayson Circuit Court dismissing his complaint for damages arising from injuries he sustained in an all-terrain vehicle ("ATV") accident. The trial court ruled that Manies' complaint was untimely because it was not filed within the one-year statute of limitations for personal injury actions (KRS 413.140). Manies contends that the court should have applied the two-year limitations period of the Motor Vehicle Reparations Act (MVRA) (KRS 304.39–230). Agreeing with the trial court that the MVRA does not apply to ATVs, we affirm.

In August 1993, Manies and Appellee Lawrence Croan were houseguests of Appellees Paul and Evelyn Clark. The Clarks' son owned a four-wheeled ATV. There is no dispute that on August 9, 1993, Manies and Croan were riding the ATV on the Clarks'

property when the vehicle overturned causing serious injury to Manies.

Manies filed his complaint against Croan and the Clarks on July 29, 1995, timely if the MVRA applies, but otherwise barred by KRS 413.140. The trial court ruled that the MVRA does not apply because an ATV is not a "motor vehicle" as contemplated by that act. We review this legal conclusion de novo. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

The MVRA (KRS 304.39–010—304.39–350) is an attempt to improve the reparation system for motor vehicle accident victims. Its key features include compulsory insurance coverage, no-fault claims settlement, and a limited waiver of the right to seek tort damages. *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). In KRS 304.39–020(7), a definition section of the MVRA, the term "motor vehicle" is defined as

> any vehicle which transports persons or property upon the public highways of the Commonwealth, propelled by other than muscular power except road rollers, road graders, farm tractors, vehicles on which power shovels are mounted, such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property upon the highways, such vehicles as travel exclusively upon rails and such vehicles as are propelled by electrical power obtained from overhead wires while being operated within any municipality or where said vehicles do not travel more than five (5) miles beyond the said limits of any municipality. Motor vehicles shall not mean moped as defined in this section.

Manies argues that this list of exceptions implies a legislative intent to include within the definition all those types of motor vehicle, such as ATVs, not expressly excluded. We disagree.

■ We construe statutes within their context and strive to give consistent meaning to related statutory provisions. *Combs v. Hubb Coal Corp.*, Ky., 934 S.W.2d 250 (1996). The definition of "motor vehicle" relied upon by Manies cannot be construed without consideration of the remainder of the MVRA. That act focuses upon automobiles and seeks to mitigate to some extent the high cost of automobile accidents on our society. *See* KRS 304.39–010, "Policy and purpose." As noted by our Supreme Court in *Fann v. McGuffey, supra:*

> [t]he statutory term is "motor vehicle," defined as *a vehicle required to be registered under KRS Ch. 186.* KRS 304.39–080(5) and 304.39–020(7). We use "automobile" in that sense throughout this opinion.

534 S.W.2d at 772, n. 3 (emphasis added). The registration requirement is important because it is through registration that the MVRA's insurance provisions are enforced. The insurance provisions, in turn, require and justify the act's extended limitations period:

> When one looks to the policy and purposes behind the Act, KRS 304.39–010, it is evident that the legislature intended to encourage those injured in auto accidents to look first to their no-fault benefits and then pursue a tort claim if necessary. This approach presupposes the need for a longer statute of limitations . . .

*Bailey v. Reeves,* Ky., 662 S.W.2d 832, 834 (1984).

ATVs, like the golf carts considered in *Kenton County Public Parks Corporation v. Modlin,* Ky.App., 901 S.W.2d 876 (1995), are not to be used on the public roadways. With respect to ATVs, our General Assembly expressly prohibited such use in KRS 189.515(1):

> No person shall operate an all-terrain vehicle upon any public highway or roadway or upon the right-of-way of any public highway or roadway.

It seems clear that a vehicle which by law is prohibited from operation on public highways could not also satisfy the language of KRS 304.39–020(7), i.e., "any vehicle which transports persons or property upon the public highways of the Commonwealth." Moreover, there is no credible basis for concluding that the registration and insurance requirements of the MVRA were intended to apply to ATVs. The exclusion of ATVs from the

**24**

MVRA's reparations system similarly excludes causes of action arising from their use from the MVRA's more generous limitations period. The trial court correctly applied the one-year limitations period in KRS 413.140.

For these reasons, we affirm the April 4, 1996, judgment of Grayson Circuit Court.

All concur.