**Jeff ROGERS and F.M. Chester, Appellants,**

v.

**FISCAL COURT OF JEFFERSON COUNTY and City of Louisville, Appellees.**

**and**

**Fiscal Court of Jefferson County, Appellant,**

v.

**City of Louisville, Appellee.**

Nos. 2000–CA–000862–MR, 2000–CA–000901–MR.

Court of Appeals of Kentucky.

June 8, 2001.

Bryan D. Gatewood, Louisville, KY, for Appellants, Jeff Rogers and F.M. Chester.

Irvin G. Maze, Susan P. Spickard, Louisville, KY, for Appellant, Fiscal Court of Jefferson County.

Winston E. King, Louisville, KY, for Appellee, City of Louisville.

Before BUCKINGHAM, EMBERTON, and TACKETT, Judges.

### OPINION

BUCKINGHAM, Judge:

Appellant Fiscal Court of Jefferson County and Appellants Jeff Rogers and F.M. Chester appeal from a judgment of the Jefferson Circuit Court that precludes the enforcement of a county ordinance within the incorporated portions of the county, including within the City of Louisville. We reverse and remand.

KRS [1] 344.300(1) states as follows:

Cities and counties are authorized to adopt and enforce ordinances, orders, and resolutions prohibiting all forms of discrimination, including discrimination on the basis of race, color, religion, disability, familial status, or national origin, sex, or age, and to prescribe penalties for violations thereof, such penalties being in addition to the remedial orders and enforcement herein authorized.

Pursuant to the statute, the City of Louisville and the Fiscal Court of Jefferson County have enacted ordinances prohibiting discrimination based on sexual orientation and gender identity. The city ordinance became effective on February 1, 1999, and it prohibits discrimination in employment on the basis of sexual orientation and gender identity. The county ordinance became effective on October 12, 1999, and it prohibits discrimination in employment, public accommodations, and

---

1. Kentucky Revised Statutes.

housing on the basis of sexual orientation and gender identity.

A dispute arose between the City of Louisville (the city) and Jefferson County (the county) concerning whether the county ordinance was enforceable within the incorporated areas of the county, including the City of Louisville. On November 10, 1999, the city filed a declaratory judgment action in the Jefferson Circuit Court seeking a resolution to the controversy. Rogers and Chester, individuals who claimed to be personally affected by the outcome of the litigation, were allowed by the court to intervene and did so in support of the county's position.

The case was submitted to the circuit court upon the pleadings and briefs. On March 10, 2000, the court entered an order in favor of the city which stated as follows:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. City of Louisville Ordinance No. 9, Series 1999 prohibiting discrimination in employment on the basis of sexual orientation and gender identity is valid and enforceable within the City of Louisville; and

2. Jefferson County Ordinance No. 36, Series 1999 prohibiting discrimination in employment, public accommodation, and housing on the basis of sexual orientation and gender identity is valid and enforceable throughout the unincorporated portions of Jefferson County, but is not enforceable within the incorporated portions of Jefferson County.

These appeals by the county and by Rogers and Chester followed.[2]

The county argues that its ordinance may be enforced throughout the entire area of the county by virtue of KRS 67.083(7) which provides as follows:

County ordinances which prescribe penalties for their violation shall be enforced throughout the entire area of the county unless:

(a) Otherwise provided by statute; or

(b) The legislative body of any city within the county has adopted an ordinance pertaining to the same subject matter which is the same as or more stringent than the standards that are set forth in the county ordinance. The fiscal court shall forward a copy of each ordinance which is to be enforced throughout the entire area of the county to the mayor of each city in the county.

The county asserts that the exceptions of KRS 67.083(7) are not applicable. The county also contends that KRS 67.083(7) applies to legislation enacted under KRS Chapter 344 and not merely to ordinances relating to the public functions enumerated in KRS 67.083(3).

On the other hand, the city argues that while the county ordinance may be enforced in the unincorporated portions of the county, it has no effect within the incorporated area of the City of Louisville. It notes that KRS 344.300(1) gives cities and counties equal authority to adopt and enforce ordinances prohibiting all forms of discrimination, including discrimination on the basis of sex. Further, it asserts that KRS 67.083(7) relates only to the performance of public functions listed in KRS 67.083(3) or other statutory authority. Since KRS 67.083(3) does not authorize counties to legislate in the area of civil rights and discrimination, and since KRS 344.300 authorizes both cities and counties equally to enact such legislation, it asserts

---

**2.** Appellant Fiscal Court of Jefferson County and Appellants Rogers and Chester will here- inafter be referred to collectively as "the county."

that KRS 67.083(7) is not applicable to its ordinance prohibiting discrimination on the basis of sexual orientation or gender identity. It also contends that the language in KRS 67.083(7)(a), which creates an exception to the enforcement of county ordinances throughout the entire county where "[o]therwise provided by statute," is applicable in light of KRS 344.300 which gives cities equal authority to enact ordinances relating to discrimination.[3]

■ "The construction and application of statutes is a matter of law and may be reviewed *de novo*." *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cabinet,* Ky., 983 S.W.2d 488, 490 (1998). "A reviewing court is not required to adopt the decisions of the trial court as to a matter of law, but must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent." *Floyd County Bd. of Educ. v. Ratliff,* Ky., 955 S.W.2d 921, 925 (1997). Furthermore, "[w]e construe statutes within their context and strive to give consistent meaning to related statutory provisions." *Manies v. Croan,* Ky.App., 977 S.W.2d 22, 23 (1998), *citing Combs v. Hubb Coal Corp.,* Ky., 934 S.W.2d 250 (1996).

■ We believe the language of KRS 67.083(7) is applicable to the ordinances in question and allows the county ordinance to be enforced throughout the entire county. If the statute were applicable only to the governmental functions stated in KRS 67.083(3), then the legislature would have so stated. Furthermore, neither the exceptions of KRS 67.083(7)(a) nor (b) are applicable.

The judgment of the Jefferson Circuit Court is reversed, and this case is remanded for the entry of a judgment declaring the county ordinance to be enforceable throughout the entire area of the county, including the City of Louisville and other incorporated areas.

ALL CONCUR.

3. There is no question that the exception set forth in KRS 67.083(7)(b) is not applicable.