Diana O'KEEFE, Appellant,

v.

NORTH AMERICAN REFRACTORIES, Appellee.

No. 2001–CA–000256–MR.

Court of Appeals of Kentucky.

May 31, 2002.

---

11. Webster's II New Riverside University Dictionary (1988).

Robert N. Trainor, Newport, KY, for appellant.

Thomas W. Breidenstein, Cors & Bassett, LLC, Ft. Wright, KY, for appellee.

Before BUCKINGHAM, KNOPF, and SCHRODER, Judges.

## OPINION

KNOPF, Judge.

Diana O'Keefe appeals from a summary judgment by the Pendleton Circuit Court dismissing her personal injury claim against North American Refractories (North American). O'Keefe argues that her claim was governed by the two-year

statute of limitations provided by the Motor Vehicle Reparations Act (MVRA), specifically KRS 304.39–230, rather than the one-year statute of limitations contained in KRS 413.140. We disagree, and affirm the trial court's dismissal of her complaint as untimely.

For purposes of this appeal, the facts of this action are not in dispute. On October 1, 1998, O'Keefe was on North American's premises, allegedly as a business invitee. While she was in the loading dock area, she was struck by a forklift which was being driven by Harold Allard, an employee of North American. On September 27, 2000, O'Keefe filed this action against North American, seeking to recover her damages caused by the negligence of North American's employee.

North American filed an answer to the complaint, as well as a motion to dismiss. Among other grounds, North American argued that O'Keefe's claim is governed by the one-year statute of limitations contained in KRS 413.140. O'Keefe responded that her claim was governed by the two-year statute of limitations provided by KRS 304.39–230. Following briefing of this issue, the trial court determined that O'Keefe's action was untimely, and it dismissed her complaint. This appeal followed.

O'Keefe argues that a forklift should be considered a "motor vehicle" for purposes of the MVRA. However, in *Kenton County Public Parks Corporation v. Modlin,*[1] this Court specifically held that:

[A] golf cart operated on a golf course fairway is not a motor vehicle contemplated by KRS 304.39–230. A motor vehicle under MVRA (KRS 304.39–020(7)) is defined as any vehicle "which transports persons or property upon the pub-

---

1. Ky.App., 901 S.W.2d 876 (1995).

lic highways of the Commonwealth." While a golf cart is capable of transporting persons or property upon a public highway and conceivably could be construed as a motor vehicle for purposes of applying MVR, the particular golf cart herein was not being operated upon a public highway at the time and, therefore, was not covered within the Act.[2]

Similarly, in *Manies v. Croan*,[3] this Court held that an all-terrain-vehicle (ATV) is prohibited from operation on public highways and therefore cannot be considered a "motor vehicle" for purposes of the MVRA. In both cases, this Court concluded that causes of action arising from the use of these vehicles are governed by the one-year statute of limitations contained in KRS 413.140, rather than the more generous limitations period provided by the MVRA.[4]

The controlling question in this case is whether a forklift is considered a motor vehicle for purposes of the MVRA. O'Keefe essentially concedes that based upon existing case law, the forklift which struck her is not a motor vehicle. However, she urges this Court to revisit the question and hold that a forklift should be considered a motor vehicle for purposes of the MVRA. Nonetheless, she provides no reasons, compelling or otherwise, to re-examine our prior holdings.

Moreover, the definition of "motor vehicle" contained in KRS 304.39-020(7) contemplates vehicles which transport persons or property on the public highways. The definition also specifically excludes "such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property on the highways,...." While a forklift is capable of operating on the public highways, it is not primarily designed to do so. Indeed, the forklift in question was not operating on the public highway at the time of this accident. Based upon the clear language of the statute, we agree with the trial court that a forklift is not a motor vehicle for purposes of the MVRA. Consequently, O'Keefe's complaint, filed more than one year after the accident, was untimely.

Accordingly, the judgment of the Pendleton Circuit Court is affirmed.

ALL CONCUR.

---

2. *Id.* at 878.

3. Ky.App. 977 S.W.2d 22 (1998).

4. *Id.* at 23–24.