**PROGRESSIVE SPECIALTY INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**Hensley BURKE, Defendant–Appellant.**

**No. 02–6167.**

United States Court of Appeals, Sixth Circuit.

Feb. 24, 2004.

---

Donald L. Miller, II, Laura M. Haara, Frost, Brown & Todd, Louisville, KY, for Plaintiff–Appellee.

Debra S. Rigg, Rigg Law Office, Maysville, KY, Gary J. Sergent, O'Hara, Ruberg, Taylor, Sloan & Sergent, Covington, KY, Ronald L. Rigg, Washington, KY, for Defendant–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant appeals the district court's order granting summary judgment to Plaintiff. Defendant Burke argues that the district court erred when it determined that he was not entitled to either the basic reparation benefits or the uninsured/underinsured motorist benefits under his insurance policy. We affirm.

## BACKGROUND

On November 5, 2000, Defendant was mowing the grass opposite his home when he was struck by an all terrain vehicle (ATV) pulling a trailer, driven by Defendant's neighbor, Billy Todd Jolly. At the time of his injury, Defendant was insured under a policy of insurance issued by Plaintiff. The policy included, among other things, uninsured/underinsured motorist coverage. Plaintiff now sues for a declaration that Plaintiff does not owe Basic Reparation Benefits ("BRB") or Uninsured Motorist ("UIM") benefits under the policy and applicable law.

## ANALYSIS

1. *Basic Reparations Benefits*

Basic reparations benefits (also known as no-fault or PIP benefits) are governed by KY.REV.STAT. ANN. § 304.39–010 *et seq.* A person is entitled to BRB under his policy if he suffers injuries resulting from the maintenance or use of a motor vehicle, as defined by the statute. KY.REV.STAT. ANN. § 304.39–030(1). BRB are addressed in Part II(A) of Defendant's policy, which provides for "reasonable and necessary covered expenses incurred because of bodily injury sustained by an insured person in an accident arising out of the operation, maintenance or use of a motor vehicle."

The statute defines "motor vehicle" as "any vehicle which transports persons

or property upon the public highways...." KY.REV.STAT. ANN. § 304.39–020(7). The policy defines "vehicle" as a "land motor vehicle; of private passenger, pickup body or sedan delivery type; designed for operation principally upon public roads; with at least four (4) wheels; and with a gross vehicle weight of 10,000 pounds or less." The district court held that an ATV is not a "motor vehicle" under either the statute or policy:

> As for the statute, an ATV does not transport persons or property "upon the public highways;" indeed, it is *forbidden* to drive ATVs on public highways. *See KRS* § 189.515. As for policy, an ATV is not comparable to a "pickup" or "sedan" that is "designed for operation principally upon public roads." Because the ATV in question is not a "motor vehicle" as defined by the statute and policy, defendant is not entitled to basic reparation benefits.

*Progressive Specialty Ins. Co. v. Burke,* No. 01–429–JMH, slip op. at 4. (E.D.Ky. Aug. 29, 2002). The district court relied on a case from the Kentucky Court of Appeals, *Manies v. Croan,* 977 S.W.2d 22 (1998), which held that ATVs are not motor vehicles. The statute in *Manies* contained a blanket prohibition for the operation of ATVs on a public highway. KY.REV. STAT. ANN. § 189.515(1) (1998). The statute at issue here contains the general prohibition on operation of ATVs in KY.REV. STAT. ANN. § 189.515 (2002), but provides for an exception that "[a] person may operate an all-terrain vehicle on any two (2) lane public highways, if the operator is engaged in farm or agricultural related activities, construction, road maintenance, or snow removal." KY.REV.STAT. ANN. § 189.515(6)(b) (2002). Based on this change, Defendant argues that the district court erred by relying on *Manies.* We disagree. As Plaintiff points out, Kentucky statutes recognize that non-motor vehicles might be on public roads. *See,*

*e.g.,* KY.REV.STAT. ANN. § 189.080 (recognizing that bicycles are sometimes on public roads); *Rosenbaum v. Safeco Ins. Co. of Am.,* 432 S.W.2d 45, 46 (Ky.1968) (rejecting an argument that a horse drawn wagon is a motor vehicle simply because it is allowed to occupy a roadway); *O'Keefe v. North Am. Refractories,* 78 S.W.3d 760, 762 (Ky.Ct.App.2002) (after the most recent amendments to the statute, citing with approval *Manies* and rejecting the argument that a forklift is a motor vehicle although "a forklift is capable of operating on the public highways.")

**2. *Uninsured/Underinsured Motorist Coverage***

█ Part III of the policy addresses the UIM coverage. According to the policy, Plaintiff is obligated to pay for "damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury: (1) sustained by an injured person; (2) caused by an accident; and (3) arising out of the ownership, maintenance, or use of an underinsured motor vehicle." The statutory definition of "motor vehicle" has already been described above. The policy defines "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability policy or bond applied at the time of the accident." The district court concluded that ATV is not a "motor vehicle" for the purposes of UIM coverage either under the statute or the policy. The district court also rejected Defendant's argument that he was injured by the attached trailer, and not by a motor vehicle, making him eligible for coverage under the "trailer of any type" language in Part III of the policy:

> Defendant's argument fails, however, because the definition of "trailer" in the general definition section of the policy does not include trailers of the sort in

question in the instant case. The definition of "trailer" as set forth in the general definition section of the policy reads as follows: "a utility vehicle designed to be towed on public roads by *a vehicle.*" (emphasis added). Because the ATV that struck plaintiff is not a "vehicle"-as explained above-the trailer in question does not qualify under the definition as set forth in the policy.

*Burke,* No. 01–429–JMH, slip op. at 5. Defendant attempts to argue that the policy's definition of "vehicle" is ambiguous and that such an ambiguity should be resolved in his favor, leading to the conclusion that the trailer that hit him is "trailer" for the purposes of the statute. We agree with the district court that the language is not ambiguous.

## CONCLUSION

For the reasons stated above, we affirm the district court's order.