**FOREST HILLS DEVELOPERS, INC., Appellant,**

v.

**PUBLIC SERVICE COMMISSION, Appellee,**

**Attorney General (Amicus Curiae).**

No. 95–CA–0699–MR.

Court of Appeals of Kentucky.

May 31, 1996.

As Modified June 28, 1996.

Rehearing Denied Aug. 9, 1996.

Discretionary Review Denied by
Supreme Court Jan. 22, 1997.

David B. Mour, Louisville, for Appellant.

John David Myles, Gerald E. Wuetcher, Frankfort, for Appellee.

Chris Gorman, Attorney General, William E. Doyle, Assistant Attorney General, Frankfort, Amicus Curiae.

Before COMBS, GARDNER and HUDDLESTON, JJ.

GARDNER, Judge:

Forest Hills Developers, Inc. appeals from an order of the Franklin Circuit Court granting the motion of the Public Service Commission to dismiss the action. We affirm.

Forest Hills Developers, Inc. (Forest Hills) owns and operates a sewage treatment facility in Jefferson County, Kentucky. On December 23, 1992, Forest Hills applied to the Public Service Commission (the Commission) pursuant to 807 KAR 5:076 for authorization to increase the rates it charges its customers for sewage treatment service. Several parties subsequently intervened in the proceeding, some of whom served upon Forest Hills requests for additional information under 807 KAR 5:076, Section 6. On February 2, 1993, the Commission ordered Forest Hills to comply with these requests within ten days. Compliance was not forthcoming, and the Commission again ordered Forest Hills to comply by an order entered on March 24, 1993. Forest Hills again did not comply, and motions were filed by the intervenors to compel compliance with the discovery orders, or in the alternative to dismiss Forest Hills'

application. On May 14, 1993, the Commission dismissed Forest Hills' application.

On June 3, 1993, Forest Hills filed an action in Franklin Circuit Court seeking review of the Commission's order dismissing the application. In its complaint, Forest Hills argued that it complied with the Commission's orders to produce the information sought by the intervening parties, and that accordingly the dismissal of its application was unlawful and unreasonable.[1] On June 24, 1993, the Commission moved to have the action dismissed, arguing that Forest Hills had failed to give notice to all parties of record as required by KRS 278.410. It further argued that Forest Hills had failed to comply with KRS 278.420 in that Forest Hills did not designate those portions of the record necessary to resolve the issues raised in the action.[2] Forest Hills, however, argued that no portion of the record was necessary for the court to resolve the issues presented. Upon considering the arguments, the lower court concluded that,

> Based upon the fact that Forest Hills alleges in its Complaint that the orders below are inconsistent with one another and that the May 14, 1993, order [of dismissal] is unlawful, we find that at least some portion of the record below is necessary in order for this Court to decide the issues presented on appeal.

Citing *Frisby v. Board of Education of Boyle County,* Ky.App., 707 S.W.2d 359 (1986), the lower court found that it lacked jurisdiction to adjudicate the matter because Forest Hills had failed to prosecute its claim in conformity with the statute requiring designation of the necessary portions of the record. It did not address the Commission's argument that Forest Hills failed to give proper notice. The Commission's motion for dismissal of the action was granted, and this appeal followed.

Forest Hills first argues that the designation of record under KRS 278.420(2) is not jurisdictional. Specifically, it maintains that its action before the Franklin Circuit

1. Specifically, Forest Hills maintained that the Commission ordered it only to "respond" to the requests for additional information and that it did in fact respond. It also raised an argument regarding the calculation of time in which it was required to respond. These arguments were not addressed by the Franklin Circuit Court, and do not form the basis for the instant appeal.

2. Forest Hills did not designate any portion of the record.

Court is an original action rather than an appeal and that the basis for the court's jurisdiction is KRS 278.410 rather than KRS 278.420. Accordingly, it argues that irrespective of its failure not to designate the record, the Franklin Circuit Court was vested with jurisdiction to adjudicate the action and that the court abused its discretion by denying Forest Hills' motion to enlarge the period during which the record could be designated. Having closely studied the facts and the law, we find no error.

KRS 278.410 provides that any party to a commission proceeding or any utility affected by an order of the commission may, within thirty days of the order, bring an action in Franklin Circuit Court to determine if the order is unlawful or unreasonable. KRS 278.420(2) states as follows:

> Unless an agreed statement of the record is filed with the court, the filing party shall designate, within ten (10) days after an action is filed, the portions of the record necessary to determine the issues raised in the action. Within ten (10) days after the service of the designation or within ten (10) days after the court enters an order permitting any other party to intervene in the action, whichever occurs last, any other party to the action may designate additional portions for filing. The court may enlarge the ten (10) day period where cause is shown. Additionally, the court may require or permit subsequent corrections or additions to the record.

KRS 278.420(2) states in clear and unambiguous terms that the party filing the complaint shall designate the portions of the record necessary to resolve the issues raised in its complaint. It is uncontested in the matter at bar, however, that Forest Hills did not designate any portion of the record within ten days of filing the complaint. Forest Hills maintained in its complaint that the Commission's dismissal of its application was unlawful and unreasonable, and further set forth its argument that the Commission's orders preceding the dismissal were inconsistent and contradictory. Accordingly, it appears that at a minimum the designation of those orders would be necessary in order for the trial court to resolve the issue raised.

Irrespective of the mandatory language of KRS 278.420(2), the party challenging the Commission's order "[s]hall have the burden of proof to show by clear and satisfactory evidence that the determination, requirement, direction or order is unreasonable and unlawful." KRS 278.430. Without presenting to the trial court the orders which Forest Hills maintained were inconsistent, contradictory, unlawful and unreasonable, there existed no evidence, much less clear and satisfactory evidence, that the Commission had exceeded its authority.

As to the question of whether Forest Hills' failure to designate the record deprived the trial court of jurisdiction to adjudicate the claim, we find no error in the court's reliance on *Frisby* for the proposition that the failure to abide by the statutory scheme for seeking review of a commission's order deprives the reviewing court of jurisdiction. Quoting *Frisby*, 707 S.W.2d at 361, the trial court stated, "[w]here a statute prescribes the method for taking an appeal from an administrative action and the time in which the appeal must be taken, these requirements are mandatory and must be met in order for the circuit court to obtain jurisdiction to hear the case." Accepting, arguendo, that Forest Hills is correct in its assertion that jurisdiction is found in KRS 278.410 rather than KRS 278.420, the fact remains that Forest Hills could not satisfy its burden of proof without reference to the record. Thus, even if the trial court erroneously framed the issue as jurisdictional in nature, dismissal would be appropriate. Kentucky Rule of Civil Procedure (CR) 56.02.

Finally, Forest Hills argues that the trial court erred in concluding that a portion of the record was necessary to a resolution of the matter. It argues that because it represented in its complaint that it complied with the Commission's April 29, 1993, order to respond to the request for additional information, the burden shifted to the Commission to designate any portion of the record necessary to rebut Forest Hills' assertion. This argument is without merit. As stated above, the clear language of KRS 278.420(2) requires the party filing the complaint to designate any portion of the record neces-

sary to resolve the claim. More generally, though, the burden of proof does not shift to the defendant simply because the plaintiff has offered an unsupported claim in its complaint. The corpus of Forest Hills' complaint was that the Commission's order of dismissal was unreasonable and unlawful. As a basis for that claim, Forest Hills maintained in the complaint that it complied with the April 29, 1993 order. Clearly, the burden rests with Forest Hills to support that assertion with, in the language of KRS 278.420(2), clear and satisfactory evidence. At no time did the burden shift to the Commission to disprove Forest Hills' assertion. Accordingly, we find no error.

For the foregoing reasons, the order of the Franklin Circuit Court dismissing the action is affirmed.

All concur.