LOUISVILLE GAS AND ELECTRIC COMPANY, et al., Appellants,

v.

HARDIN & MEADE COUNTY PROPERTY OWNERS FOR CO–LOCATION, et al., Appellees.

Kentucky Public Service Commission, Appellant,

v.

Hardin & Meade County Property Owners for Co–Location, et al., Appellees.

Nos. 2008–SC–000348–DG, 2008–SC–000354–DG.

Supreme Court of Kentucky.

Aug. 26, 2010.

Allyson Kay Sturgeon, E.ON U.S. LLC, Louisville, KY, Robert M. Watt III, David T. Royse, Stoll Keenon Ogden PLLC, Lexington, KY, Sheryl G. Snyder, Griffin Terry Sumner, Frost Brown Todd LLC, Louisville, KY, John Gregory Cornett, E.ON U.S. Services, Louisville, KY, Counsel for Appellants/Appellees Louisville Gas and Electric Company and Kentucky Utilities Company.

Allyson Kay Sturgeon, E.ON U.S. LLC, Louisville, KY, John Gregory Cornett, E.ON U.S. Services, Louisville, KY, Counsel for Appellant/Appellee E.ON U.S. LLC.

Robert M. Watt III, David T. Royse, Stoll Keenon Ogden PLLC, Lexington, KY, Sheryl G. Snyder, Griffin Terry Sumner, Frost Brown Todd LLC, Louisville, KY, Counsel for Appellee E.ON U.S. LLC.

Richard W. Bertelson III, Helen C. Helton, Gerald Edward Wuetcher, David Shawn Samford, Kentucky Public Service Commission, Frankfort, KY, Counsel for Appellee/Appellant Public Service Commission of Kentucky.

Robert Withers Griffith, Stites & Harbison, PLLC, Louisville, KY, W. Henry Graddy IV, Randal Alan Strobo, W.H. Graddy & Associates, Midway, KY, Counsel for Appellees CDH Preserve, LLC and Hardin & Meade County Property Owners for Co–Location, et al.

Opinion of the Court by Justice SCHRODER.

Before us are appeals from a decision of the Court of Appeals reversing the Franklin Circuit Court's dismissal of an administrative appeal of a Public Service Commission order. Because Appellees failed to designate the record or move for enlargement of time to designate the record within the ten-day period in KRS 278.420(2), the circuit court did not have jurisdiction to adjudicate the claim. Hence, the opinion of the Court of Appeals is reversed and the cause remanded for proceedings consistent with this opinion.

On December 22, 2005, Louisville Gas and Electric Company ("LG & E") and Kentucky Utility Company ("KUC"), collectively "the utilities", submitted a joint application to the Kentucky Public Service Commission ("the Commission") for a certificate of public convenience and necessity for construction of a 42.03–mile electric power transmission line running from Jefferson County to Hardin County. As an alternative, the utilities also submitted a joint application for construction of a transmission line along a 44–mile route

through Jefferson, Bullitt, Meade, and Hardin Counties. The Commission consolidated the applications for consideration.

A public hearing was held on March 6, 2006, and an evidentiary hearing followed on March 28–30, 2006. The Commission granted the utility companies' joint application for their preferred 42.03–mile route by order of May 26, 2006.

On June 16, 2006, several aggrieved property owners filed an application with the Commission seeking a rehearing or, in the alternative, a stay pending their appeal to the Franklin Circuit Court. The Commission denied the request for a rehearing or stay by order dated July 6, 2006.

On July 26, 2006, the property owners filed an action in the Franklin Circuit Court seeking judicial review of the Commission's order granting the utilities' application and the order denying the property owners' request for a rehearing. The utilities thereafter filed a joint motion on August 14, 2006 to dismiss the action pursuant to CR 12 because it did not comply with the requirements of KRS 278.420 by failing to designate those portions of the record necessary to resolve the issues raised in the action within ten days after the action was filed. Nineteen days after the action was filed, the property owners filed a motion requesting that they be permitted to belatedly designate the entire administrative record pursuant to KRS 278.420(2), which permits the court to enlarge the ten-day period where cause is shown. In support of the motion, counsel submitted affidavits attesting to a highly demanding schedule and reflecting that there had been some confusion as to whether local counsel would continue on the appeal.

Pursuant to the utilities' motion, the circuit court dismissed the action. In its order, the court concluded that counsel had failed to show sufficient cause for failure to designate the record within the ten-day period. The court also found that counsel improperly designated the entire record because it failed to provide notice to the court and the opposing parties of the issues on appeal. The property owners appealed, and the Commission cross-appealed.

The property owners argued that substantial compliance should apply to administrative appeals and that their counsel demonstrated good cause for an extension of time to designate the record. The utilities and the Commission argued that the circuit court did not abuse its discretion in ruling that plaintiffs' counsel had not demonstrated good cause to warrant an enlargement of time for designating the record. In the alternative, they argued that Kentucky law requires strict compliance with statutory prerequisites for seeking review of an administrative decision, and that failure to timely designate the record pursuant to KRS 278.420(2) is a jurisdictional defect under *Forest Hills Developers, Inc. v. Public Service Commission,* 936 S.W.2d 94 (Ky.App.1996).

In a 2–1 opinion, the Court of Appeals cited *Forest Hills Developers, Inc.,* favorably for the proposition that the failure of a party to designate the record deprived the court of subject matter jurisdiction to adjudicate the action. The court went on to find that the circuit court nevertheless could, in its discretion, enlarge the ten-day period for designation of the record pursuant to KRS 278.420(2). The court then looked to the courts' interpretation of "excusable neglect" in CR 6.02 to construe what constituted "cause" in KRS 278.420(2). The court concluded that "[e]xcusable neglect occurred and was shown", and thus the circuit court erred in finding otherwise. This Court thereafter

granted both the utilities' and the Commission's motions for discretionary review.

KRS 278.420(2) provides:

Unless an agreed statement of the record is filed with the court, the filing party shall designate, within ten (10) days after an action is filed, the portions of the record necessary to determine the issues raised in the action. Within ten (10) days after the service of the designation or within ten (10) days after the court enters an order permitting any other party to intervene in the action, whichever occurs last, any other party to the action may designate additional portions for filing. The court may enlarge the ten (10) day period where cause is shown. Additionally, the court may require or permit subsequent corrections or additions to the record.

The primary argument of both the utilities and the Commission is that under the strict compliance doctrine, which applies in administrative appeals, the ten-day period for designation of the record set out in KRS 278.420(2) is jurisdictional. Therefore, the circuit court lost jurisdiction in the case when the property owners did not file their designation of the record **or** their motion to enlarge the ten-day period for designation of the record within ten days after the action was filed. The property owners maintain that the circuit court acquired jurisdiction when the action was timely filed. Thus, despite the fact that the motion for enlargement of time was filed outside the ten-day limit, the circuit court had jurisdiction to allow the designation of record to be belatedly filed.

■ It is well settled that "[w]hen grace to appeal [a decision of an administrative body to the circuit court] is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood,* 581 S.W.2d 1, 2 (Ky.1978). As the *Flood* Court observed, "Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy." *Id.* (citing *Kentucky Utils. Co. v. Farmers Rural Elec. Co-op. Corp.,* 361 S.W.2d 300 (Ky.1962); *Roberts v. Watts,* 258 S.W.2d 513 (Ky.1953)).

The case of *Forest Hills Developers, Inc. v. Public Service Commission* is precisely on point relative to the issue of whether the requirements of KRS 278.420 are jurisdictional. 936 S.W.2d at 96. In *Forest Hills,* just as in the present case, plaintiffs timely filed their action seeking review of the Commission's order, but subsequently failed to designate the record within the ten-day period required by KRS 278.420(2). *Id.* at 95. The circuit court denied plaintiffs' motion for enlargement of time to designate the record, and dismissed the action on grounds that it lacked jurisdiction to adjudicate the matter. *Id.* The Court of Appeals affirmed, holding that plaintiffs' failure to abide by the statutory scheme in KRS 278.420(2) deprived the circuit court of jurisdiction to adjudicate the claim. *Id.* at 96.

The property owners urge this Court to depart from the requirement of strict compliance for statutory mandates beyond the timely filing of the complaint. Essentially, they are asking that we overrule *Forest Hills.* Although we are not bound by the holding of *Forest Hills,* we view the decision as a sound application of the well-established principle of strict compliance for administrative appeals. This Court has most recently reaffirmed the principle in *Belsito v. U–Haul Co. of Kentucky,* 313 S.W.3d 549 (Ky.2010) and *Sajko v. Jefferson County Board of Education,* 314 S.W.3d 290 (Ky.2010).

Under the statutory scheme of KRS Chapter 278, the legislature requires two things to invoke the jurisdiction of the circuit court over appeals of public service commission orders—the timely filing of the action in the Franklin Circuit Court **and** the timely filing of the designation of the record. KRS 278.410; KRS 278.420. In this case, it was undisputed that the issues to be decided in the appeal required designation of some portion(s) of the administrative record in order to decide the appeal. The designation of the record is especially important in administrative appeals because of the voluminous record frequently produced by the administrative proceedings. The designation of the record serves notice of those relevant portions of the record for the appeal and serves to narrow the record for appellate review, presumably for purposes of judicial economy. It is true that the sentence in KRS 278.420(2) permitting enlargement of time for designation of the record does not contain an express time limit within which the motion must be made. However, given the requirement that the designation of the record be filed within ten days after the action is filed, jurisdiction to enlarge the time beyond the ten-day period will only exist if the motion to enlarge is filed within this ten-day period. In the present case, the motion for enlargement of time was filed after expiration of the ten-day period.

The property owners point to *Arlinghaus Builders, Inc. v. Kentucky Public Service Commission,* as a case where the court rejected application of strict compliance for the filing of an appeal from a Public Service Commission order. 142 S.W.3d 693 (Ky.App.2003). In *Arlinghaus Builders, Inc.,* appellant filed its appeal from a Commission order within the required 30–day time period, but service of process was mistakenly made on the wrong individuals. In applying CR 3.01, the court held that jurisdiction of the circuit court had been properly invoked because appellant acted in good faith in filing the action and issuing the summonses. In the present case, the requisite action to invoke jurisdiction per the express language of the statute (the ten-day period to designate the record) was not taken. In *Arlinghaus Builders, Inc.,* appellant filed its action in a timely manner per the express language of the statute, but thereafter failed in properly issuing the summonses, a matter about which the statute was silent.

Given our determination that the Franklin Circuit Court did not have jurisdiction to adjudicate the action, we need not address the issues related to "cause" and application of the civil rules. For the reasons stated above, the decision of the Court of Appeals is reversed and the matter remanded for proceedings consistent with this opinion.

All sitting. All concur.