**KENTUCKY PUBLIC SERVICE COMMISSION, Appellant,**

v.

**L. Glenn SHADOAN, et al., Appellees.**

**No. 2009–SC–000053–DG.**

Supreme Court of Kentucky.

Nov. 18, 2010.

---

David Shawn Samford, Helen C. Helton, Tiffany Jacquel Bowman, Kentucky Public Service Commission, Frankfort, KY, Counsel for Appellant.

Thomas Joseph Fitzgerald, Kentucky Resources Council, Inc., Frankfort, KY, Counsel for Appellees L. Glenn Shadoan and Sue Shadoan.

John Edmund Selent, Dinsmore Shohl, Louisville, KY, Counsel for Appellee Bluegrass Wireless, LLC.

Opinion of the Court by Justice SCHRODER.

This appeal is from an opinion of the Court of Appeals concluding that the Public Service Commission ("PSC") had jurisdiction over the siting and construction of a proposed cellular antenna tower adjacent to the Appellees' property. We adjudge that under the language of KRS 100.987, the local planning commission had jurisdiction over the placement and construction of the proposed cellular tower. Accordingly, we reverse the decision of the Court of Appeals and remand for further proceedings consistent with this opinion.

In September 2005, Bluegrass Wireless filed an application with the PSC to secure a certificate of public convenience and necessity for the construction of a proposed cellular tower on property located in London, Kentucky. As adjacent property owners, Glenn and Sue Shadoan sought to intervene in the application process, and in October 2005, the PSC granted their request. After the Shadoans intervened, Bluegrass Wireless requested by letter that the PSC dismiss the application proceedings for lack of jurisdiction. The PSC determined that it did not have jurisdiction over the application because, pursuant to KRS 100.987(1), the London/Laurel County Joint Planning Commission had jurisdiction over the matter. The PSC entered an order dismissing the application proceedings on June 27, 2006, and subsequently denied the Shadoans' motion for rehearing on August 8, 2006.

On September 1, 2006, the Shadoans filed a complaint and petition for review in the Franklin Circuit Court, naming the PSC and Bluegrass Wireless as respondents. The sole issue raised in the complaint and petition for review was whether the PSC had jurisdiction over the proposed cell tower siting and construction. The Shadoans did not thereafter file a separate and specific designation of the record as required by KRS 278.420. However, the Shadoans did attach a copy of the August 8, 2006 PSC order denying their motion for rehearing.

The PSC and Bluegrass Wireless filed a motion to dismiss the Shadoans' complaint for failure to designate the record. The circuit court ultimately denied the motion to dismiss and entered an opinion and order granting summary judgment to the Shadoans. The circuit court concluded that the provisions of KRS 278.650 required the PSC to exercise jurisdiction over the matter where the local planning body had formally declined to do so by failing to adopt regulations dealing specifically with construction of cell phone towers.

On appeal to the Court of Appeals, the PSC and Bluegrass Wireless argued that the Franklin Circuit Court did not have jurisdiction over the action because of the Shadoans' failure to designate the record as required under KRS 278.420(2). In the alternative, they argued that the circuit court erred in concluding that the local planning commission lacked jurisdiction to consider the proposed construction of the cell phone tower. The Court of Appeals adjudged that the Shadoans had complied with the statutory requirements of KRS 278.420(2) because the only issue in the case was an issue of law (whether the PSC or local planning commission had jurisdiction), there was no evidentiary record compiled by the agency, and the Shadoans had

attached the PSC order with their complaint. Thus, the court held that the Franklin Circuit Court properly had jurisdiction on review of the PSC order. The Court of Appeals additionally agreed with the circuit court that the PSC had jurisdiction over the substantive issue of the application for construction of the cell tower because the London/Laurel County Joint Planning Commission had not exercised their discretionary authority to regulate construction of cell phone towers by adopting regulations pertaining thereto. We accepted discretionary review to decide whether the circuit court had jurisdiction over review of the PSC order, and, if so, whether the PSC or local planning commission had original jurisdiction over the placement and construction of the cell phone tower.

### COMPLIANCE WITH KRS 278.420(2)

■ The PSC and Bluegrass Wireless argue that the Court of Appeals erred in determining that the Shadoans had complied with the statutory requirements of KRS 278.420(2) for designation of the record. They maintain that, because the Shadoans did not timely file a formal designation of the record in the Franklin Circuit Court, that court did not have jurisdiction over the petition for review and thus should have dismissed the case.

KRS 278.420(2) provides:

Unless an agreed statement of the record is filed with the court, the filing party shall designate, within ten (10) days after an action is filed, the portions of the record necessary to determine the issues raised in the action. Within ten (10) days after the service of the designation or within ten (10) days after the court enters an order permitting any other party to intervene in the action, whichever occurs last, any other party to the action may designate additional por-

tions for filing. The court may enlarge the ten (10) day period where cause is shown. Additionally, the court may require or permit subsequent corrections or additions to the record.

This Court has recently addressed the issue of compliance with KRS 278.420(2) in *Louisville Gas and Electric Company v. Hardin and Meade County Property Owners for Co–Location*, 319 S.W.3d 397 (Ky.2010), wherein we reaffirmed the doctrine of strict compliance with regard to administrative appeals. In *Louisville Gas and Electric Company*, the petitioners failed to designate the record or file a motion for enlargement of time within the ten-day period in KRS 278.420(2). We held that the failure to timely designate the record was jurisdictional, and thus fatal to the petition for review, reasoning:

> Under the statutory scheme of KRS Chapter 278, the legislature requires two things to invoke the jurisdiction of the circuit court over appeals of public service commission orders—the timely filing of the action in the Franklin Circuit Court **and** the timely filing of the designation of the record. KRS 278.410; KRS 278.420.... The designation of the record is especially important in administrative appeals because of the voluminous record frequently produced by the administrative proceedings. The designation of the record serves notice of those relevant portions of the record for the appeal and serves to narrow the record for appellate review, presumably for purposes of judicial economy.

*Id.* at 401.

There is, however, a distinguishing factor in the instant case. Unlike *Louisville Gas and Electric Company*, there is no evidentiary record from the administrative proceedings in the present case, and the sole issue on review is one of law. In *Louisville Gas and Electric Company*, "It

[was] undisputed that the issues to be decided in the appeal required designation of some portion(s) of the administrative record in order to decide the appeal." *Id.* Moreover, in the present case, the Shadoans attached the August 8, 2006 opinion and order denying their motion for rehearing to their complaint. So, while the Shadoans did not file a separate document specifically entitled a "Designation of Record," they did file in the record the actual document from the administrative proceedings disposing of the sole issue before the PSC. In so doing, they served notice of the only portion of the administrative record necessary and relevant to the issue on appeal. Accordingly, we adjudge that the Shadoans complied with KRS 278.420(2).

### JURISDICTION OF CELLULAR ANTENNA TOWER SITING AND CONSTRUCTION

■ The PSC and Bluegrass Wireless argue that the Court of Appeals and the Franklin Circuit Court erroneously concluded that jurisdiction over the application for the siting and construction of the proposed cellular tower in this case rested with the PSC. The main statutes in play in this case are KRS 100.987, KRS 278.650, and KRS 278.665. The pertinent provisions in KRS 100.987, originally enacted in 1998, state as follows:

> (1) A planning unit as defined in KRS 100.111 and legislative body or fiscal court that has adopted planning and zoning regulations **may** plan for and regulate the siting of cellular antenna towers in accordance with locally adopted planning or zoning regulations in this chapter.

> (2) Every utility or a company that is engaged in the business of providing the required infrastructure to a utility that proposes to construct an antenna tower for cellular telecommunications services

or personal communications services within the jurisdiction of a planning unit that has adopted planning and zoning regulations in accordance with this chapter **shall:**

(a) Submit a copy of the applicant's completed uniform application to the planning commission of the affected planning unit to construct an antenna tower for cellular or personal telecommunications services. The uniform application shall include a grid map that shows the location of all existing cellular antenna towers and that indicates the general position of proposed construction sites for new cellular antenna towers within an area that includes:

1. All of the planning unit's jurisdiction; and

2. A one-half (1/2) mile area outside of the boundaries of the planning unit's jurisdiction, if that area contains either existing or proposed construction sites for cellular antenna towers;

(b) Include in any contract with an owner of property upon which a cellular antenna tower is to be constructed, a provision that specifies, in the case of abandonment, a method that the utility will follow in dismantling and removing a cellular antenna tower, including a timetable for removal; and

(c) Comply with any local ordinances concerning land use, subject to the limitations imposed by 47 U.S.C. sec. 332(c), KRS 278.030, 278.040, and 278.280.

(emphasis added).

KRS 278.650, originally enacted in 1996, provides:

If an applicant proposes construction of an antenna tower for cellular telecommunications services or personal communications services which is to be located **in an area outside the jurisdiction of a planning commission,** the applicant shall apply to the Public Service Commission for a certificate of public convenience and necessity pursuant to KRS 278.020(1), 278.665, and this section. The commission shall convene a local public hearing on the application upon the receipt of a request from the local governing body or from not less than three (3) interested persons that reside in a county or municipal corporation in which the tower is proposed to be constructed. In reviewing the application, the commission may take into account the character of the general area concerned and the likely effects of the installation on nearby land uses and values. A local government may charge a fee for a building permit, in connection with the construction or alteration of any structure for cellular telecommunications services or personal communication services, if the fee does not exceed that charged for any other commercial structure of comparable cost of construction.

(emphasis added).

KRS 278.665(1), enacted in 1998, provides, "The commission shall, by administrative regulation promulgated in accordance with KRS Chapter 13A, establish the minimum content of an application for a certificate of convenience and necessity to construct cellular antenna towers **for areas outside the jurisdiction of a planning commission.**" (emphasis added).

The Court of Appeals determined from the permissive language—"may"—in KRS 100.987(1) that the local planning commission had discretionary authority to regulate cellular tower construction within its political boundaries, and that "this authority is triggered by the local adoption of regulations specific to the construction of cellular towers." Because the London/Laurel Joint Planning Commission

had not adopted regulations regarding construction of cellular towers, the Court of Appeals concluded that the planning commission had declined to exercise jurisdiction over the application by Bluegrass Wireless and, therefore, the PSC was required to fill the jurisdictional vacuum pursuant to KRS 278.650.

This Court, however, is not persuaded of such an interpretation by the word "may" in KRS 100.987(1). Rather, we read the word "shall" in section (2) of KRS 100.987, in requiring "every" applicant to submit a copy of the application "to the planning commission of the affected planning unit[,]" as demonstrating the Legislature's intent that jurisdiction over cellular tower siting and construction would always be in the local planning commission if the area in question has such a commission. *See Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers,* 13 S.W.3d 606 (Ky.2000) (cardinal rule of statutory construction is to give effect to the intent of the Legislature). This interpretation is more consistent with KRS 278.650, in that it gives the phrase "in an area outside the jurisdiction of a planning commission" its plain meaning of outside the geographical jurisdiction of the local planning commission. *See Devasier v. James,* 278 S.W.3d 625 (Ky.2009) (plain, commonly accepted meaning of language in statute controls). The mandatory "shall" language in KRS 100.987(4), regarding the planning commission's duty to review and approve or disapprove each application, further evinces an intent to vest jurisdiction of cellular tower applications in the local planning commission.

This construction can also be harmonized with the permissive language in KRS 100.987(1) providing that the local government planning unit "may plan for and regulate the siting of cellular antenna towers in accordance with locally adopted planning or zoning regulations in this chapter."

*See Combs v. Hubb Coal Corp.,* 934 S.W.2d 250, 252 (Ky.1996) (Courts must try to harmonize and give effect to all sections of a statute.). Under the statutory scheme of KRS Chapter 100, the planning unit's compliance with the comprehensive plan provisions is mandatory, *see* KRS 100.183—100.197, whereas the regulation of property through zoning ordinances is permissive. *See* KRS 100.203(1) ("Cities and counties **may** enact zoning regulations.... The city or county **may** regulate ....") (emphasis added); *see also Grannis v. Schroder,* 978 S.W.2d 328, 330 (Ky.App. 1997). Hence, a local planning unit is not required to enact any zoning regulations for its area, let alone regulations that specifically pertain to cellular antenna towers.

Pursuant to KRS 100.203, the planning unit may choose to regulate one type of activity or structure, but not another. Thus, our reading of the word "may" in KRS 100.987(1) is that a planning unit has the discretion to enact regulations pertaining to cellular antenna towers, as they do with any other activities or structures, but this exercise of discretion is not a condition of jurisdiction. If the area of the proposed cellular tower has a planning unit that has adopted planning and zoning regulations, the jurisdiction over matters relating to cellular tower placement and construction rests with that planning commission, not the PSC, regardless of whether the planning unit has enacted regulations specifically relating to cellular towers. If there are no regulations specifically pertaining to cellular towers, as in the present case, the applicant will, however, still need to meet the general restrictions of the particular zone in which the proposed cell tower is to be constructed, e.g. permitted uses within the zone, height and setback requirements, etc.

For the reasons stated above, the judgment of the Court of Appeals is reversed.

Any further proceedings, if any, on Bluegrass Cellular's application must occur before the London/Laurel County Joint Planning Commission.

All sitting. MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and VENTERS, JJ., concur. SCOTT, J., dissents by separate opinion.

SCOTT, J., Dissenting.

Because I believe the majority misconstrues KRS 100.987, I cannot join its opinion. Quite frankly, I cannot conceive that the General Assembly ever intended that cellular antenna towers—with all their transmission capabilities—would not be regulated in any way if a county fiscal court or planning commission defaulted. Therefore, I respectfully dissent as to the determination that the PSC does not have jurisdiction in this case.

> KRS 100.987 provides in pertinent part:
> (1) A planning unit as defined in KRS 100.111 and legislative body or fiscal court *that has adopted planning and zoning regulations may plan for and regulate* the siting of cellular antenna towers in accordance with locally adopted planning or zoning regulations in this chapter.
> (2) Every utility or a company that is engaged in the business of providing the required infrastructure to a utility that proposes to construct an antenna tower for cellular telecommunications services or personal communications services within the jurisdiction of a planning unit *that has adopted planning and zoning regulations* in accordance with this chapter shall: (a) Submit a copy of the applicant's completed uniform application to the planning commission of the affected planning unit to construct an antenna tower for cellular or personal telecommunications services.

The majority makes much of the words "shall" and "every" in sub-section (2) of KRS 100.987, gleaning that the legislature intended local planning commissions to "always" maintain jurisdiction over cellular tower placement "if the area in question has such a commission." I do not believe that "shall" and "every" as used in sub-section (2) evinces such an intention, particularly given the question at hand— whether the PSC has jurisdiction in this case. To answer this question, I, like the Court of Appeals, concentrate on the description of the entity that may regulate cellular tower placement, i.e., "[a] planning unit as defined in KRS 100.111 and legislative body or fiscal court *that has adopted planning and zoning regulations ....*" in KRS 100.987(1) and "*a planning unit that has adopted planning and zoning regulations ....*" in KRS 100.987(2). A plain reading of these two provisions defies the majority's conclusion that "a planning unit has the discretion to enact regulations pertaining to cellular antenna towers, as they do with any other activities or structures, but this exercise of discretion is not a condition of jurisdiction." While it is true enough that no jurisdiction "must" enact planning and zoning regulations, the fact remains that pursuant to the plain reading of KRS 100.987(1) and (2), they are required to do so before asserting authority over the placement of cellular towers. Otherwise, KRS 100.987(1) would simply read,

> A planning unit as defined in KRS 100.111 and legislative body or fiscal court ~~that has adopted planning and zoning regulations~~ may plan for and regulate the siting [sic] of cellular antenna towers in accordance with locally adopted planning or zoning regulations in this chapter.

I decline to so edit the statute and render superfluous the phrase "*that has adopted*

*planning and zoning regulations.*" Instead, I would give full effect and meaning to the Legislature's drafting of this provision.

My belief that the majority misconstrues KRS 100.987 is bolstered by the question begged by the majority's opinion: when does the PSC have jurisdiction over the placement of cellular towers? Applying the rule announced by the Court today, and given the fact that every single jurisdiction in this Commonwealth has a fiscal court or a planning unit as defined in KRS 100.111,[1] the answer is never.

This, I believe, is the result of the majority's conclusion that the Legislature intended the placement and regulation of cellular antenna placement to "always be in the local planning commission if the area in question has such a commission." To the contrary, it seems to me that the legislative intention to be gleaned from KRS 100.987 was to provide jurisdiction to planning units which have opted to zone and plan their jurisdictions, but only if demonstrated by the local unit's adoption of "planning and zoning regulations" and not by the simple existence of the planning body. Where the local units decline to regulate, the Legislature intended the PSC to be the authority to fill the regulatory vacuum. Otherwise, and given the majority's sweeping statements in this case, the PSC would never have jurisdiction and the possibility exists that the placement of cellular towers could go entirely unregulated.

My concern that the majority's opinion could permit cellular towers to go unregulated derives from the fact that there may be counties and planning units which have not designated zoning regulations of any kind. Thus, where a cellular tower is to be placed in a jurisdiction with some type of planning body, but that jurisdiction is lacking in regulations, a court would look to this opinion and determine that jurisdiction over cellular tower placement always resides in the local planning commission. This would be so merely because the area in question "has such a commission" regardless of whether the commission has planned or zoned in any way. Thus, the placement of the tower in such a jurisdiction would go unregulated. I therefore, cannot agree with the majority on this issue.

In any event, while I think the majority reads out a key portion of KRS 100.987, I stop short of adopting the Court of Appeals' position on this issue for one simple reason—I believe it goes one step too far. The Court of Appeals held that in order for the local planning unit to maintain jurisdiction it "must have first adopted local planning and zoning regulations dealing *specifically* with the construction of cellular towers." (emphasis added) Nothing in KRS 100.987 supports the conclusion that a local planning unit must have "specifically" regulated cellular tower placement or construction, but rather the only requirement necessary is *that [it] has adopted planning and zoning regulations.*" Thus, I believe that a local planning unit invokes its authority by creating any regulations that could be read to apply to the placement of cell towers, and need not be specifically so. Therefore, in cases such as the one at bar, I would ask a simple question: has the local jurisdiction

---

1. KRS 100.111(15) defines a planning unit as: "[A]ny city, county, or consolidated local government, or any combination of cities, counties, or parts of counties, or parts of consolidated local governments engaged in planning operations." KRS 100.111(14) defines planning operations to "mean[] the formulating of plans for the physical development and social and economic well-being of a planning unit, and the formulating of proposals for means of implementing the plans."

adopted a planning and zoning regulation that would regulate the placement of cellular towers in any way? Where the question is answered in the affirmative, then the local planning unit should be considered as having invoked its permissive authority to regulate the cell towers. Where the question is answered in the negative, the PSC is vested with the regulatory function.

Therefore, for the foregoing reasons, I dissent from the majority's opinion in this case.