The People of the State of New York, Respondent, *v.* Bay Ridge Operating Company, Inc., Appellant.

First Department, April 5, 1940.

*Vernon S. Jones* of counsel [*Thomas F. McGovern* with him on the brief; *Kirlin, Campbell, Hickox, Keating & McGrann,* attorneys], for the appellant.

*Stanley H. Fuld, Assistant District Attorney,* of counsel [*Eugene A. Leiman, Deputy Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

Dore, J.   After trial before a city magistrate sitting as a Court of Special Sessions, defendant was convicted of operating an unregistered motor vehicle in violation of the Vehicle and Traffic Law. This is a test case.   The facts were stipulated and sentence suspended.   The only issue is whether a small, four-wheeled electric

truck on which an electrically-operated crane is permanently mounted is a motor vehicle for which registration is required under the relevant provisions of the Vehicle and Traffic Law.

The vehicle in question, owned by defendant corporation, has an electrically-operated crane permanently mounted on an electric truck with four small wheels; it is used principally on private, inclosed piers leased to defendant corporation for the loading and unloading of cargo; it is capable of a maximum speed of ten miles an hour; and concededly on March 16, 1939, it was being operated on a public highway at West and Bank streets in the city of New York without being duly registered or having automobile registration plates, as required by subdivision 1 of section 11 of the Vehicle and Traffic Law. Once every two weeks six of twelve such vehicles owned by defendant travel unloaded under their own power either from the Manhattan piers to the Brooklyn piers or *vice versa*, a distance of approximately eight miles.

Subdivision 1 of section 11 of the Vehicle and Traffic Law provides for registration of motor vehicles " operated or driven upon the public highways of this State * * * except as otherwise expressly provided in this chapter." Subdivision 8 of section 2 of the law, in so far as relevant, provides, " ' Motor vehicle ' shall include all vehicles propelled by any power other than muscular power, except * * * tractor cranes [added by Laws of 1924, chap. 360*] * * * electric trucks with small wheels used in factories, warehouses and railroad stations and operated principally on private property [added by Laws of 1926, chap. 728*] * * *."

We think defendant's vehicle comes precisely within the exception added by the Laws of 1926 in that it is an electric truck with small wheels used in warehouses such as the piers in question and operated principally on private property. The trial court held defendant guilty because it refused to find that the vehicle was " operated " principally on private property as required by the statute to come within the exemption, and pointed out that the stipulation was only to the effect that the truck was " used " principally on private piers. The ruling was based on a distinction between " used " and " operated." We think there was no intention so to restrict the word " used " in the stipulation of the facts. The stipulated facts indicate that defendant's vehicle was both operated and used principally on private property. The use of the vehicle in the work it did on the piers necessarily required its operation or movement from place to place. It could not be used to perform its function without also being operated. We think, too, that the term " private piers " in the stipulation is within the purview of the

* Amdg. former Highway Law, § 281.— [REP.

word " warehouses " used in the statute, since these steamship piers are in fact temporary warehouses for the storage of goods before trans-shipment and after, and the cranes are used to " tier " the cargoes thus temporarily stored.

The case of *People* v. *Cox Construction Co., Inc.*, decided by this court March 15, 1940 (259 App. Div. 707), is not here controlling. There we affirmed a decision of the Magistrates' Court holding that a crane permanently mounted on a motor truck, propelled by gasoline and capable of a speed of twenty miles an hour, was not a " tractor crane " referred to in the exception mentioned in subdivision 8 of section 2 of the Vehicle and Traffic Law. The record in that case showed that the only type of " tractor crane " in existence when the Legislature exempted such vehicles from registration was the slow-moving caterpillar type with a speed of three miles an hour. The type of crane there in question mounted on trucks was not a tractor crane but a truck crane, and clearly came within the requirements of registration.

The fact that once every two weeks six of defendant's twelve electric vehicles, unloaded, make trips a distance of eight miles over the public highway under their own electric power at less than ten miles an hour indicates that each of the twelve is used and operated but once a month for a small fraction a day on the public highways and the rest of the time on private property. Clearly a vehicle thus used and operated is " operated principally on private property " and is expressly exempt from registration by legislative enactment. The intent of the Legislature is controlling; the application of that intent to the vehicle in question is clear; the wisdom and expediency of the exception is a matter for the Legislature and not the courts.

The judgment of conviction should be reversed and the information dismissed.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and the information dismissed.