Fuld, J. (dissenting).
In my opinion, the defendant’s vehicle comes within the exception contained in section 156 of the Vehicle and Traffic Law. And, if this is so, it follows that the defendant was not guilty of operating a vehicle which had to be registered and that the complaint was properly dismissed by the Appellate Part of Special Sessions.
The applicable statute in so many words excepts trailer-like vehicles from registration which are “ designed and primarily used ” for a purpose other than to be “ drawn ” on the public highways by a motor vehicle (Vehicle and Traffic Law, § 156).[1] The proof concededly establishes that the vehicle here involved “ only occasionally” traveled the public highways and that it was not “ primarily used ” for such a purpose, but it is urged that ‘ ‘ it might be found that the vehicle was designed for use as a trailer, either for living or hauling purposes despite the testimony of the defendant ” (opinion, p. 436).
Regardless of what ‘ ‘ might be found ’ ’ at some future time, the simple fact is that the only evidence in the record before us supports the defendant’s position. Thus, it was his unequivocal and uncontradicted testimony that Ms trailer-like vehicle was ‘ ‘ designed and primarily used for * * * a field office, a construction field office used for consulting engineers for the park department.” Moreover, in.answer to further questions, the defendant stated that “ this field office ” is transported but “ Once, possibly twice a year ”, that the transportation occurs only when the “ office ” is being moved from one “ contracting job ” to another and that it had been stationed for one year at the site of the last job and was being shifted — at the time he received a summons — to the new job in Whitestone, Long Island. It also appears that the vehicle has no living facilities, *438 such as plumbing or sleeping accommodations, and is never used as the home, living abode or habitation of anyone.
I find not a single word in the record which disputes or detracts from this testimony as to the vehicle’s design or primary use. The police officer who served the summons upon the defendant frankly acknowledged, in answer to the question as to what the vehicle was designed and used for, “ I don’t own it, I don’t know what he [the defendant] uses it for.” This is a far cry from the essential testimony that the vehicle was designed primarily for use on the highways.
The fact that it contained removable wheels certainly does not indicate that it came within the compass of the statute. The Legislature, it seems perfectly clear, was willing to exempt vehicles, even those resembling trailers, which were not intended for general use on public highways and which were not actually used on those highways except on rare occasions. (Cf. People v. Bay Ridge Operating Co., 259 App. Div. 260, 262.) The defendant’s vehicle was, according to the only evidence on the subject, “designed” for stationary use as a “field office ’ ’, and, being so designed, was so employed. That it was capable of being drawn on the highways does not subject it to registration as long as it was ‘ ‘ designed and primarily used for other purposes and only occasionally drawn by * # * a motor vehicle.” Any other interpretation would deprive the exception here involved of all meaning, since any vehicle drawn on the highways must necessarily be “ designed ” for such use.
The trial judge was warranted in refusing to dismiss the complaint at the close of the prosecution’s case, but there can be no question (as the Appellate Part held) that at the conclusion of the entire case, and based on all of the evidence presented, the People failed to establish that the defendant was operating a vehicle which had to be registered.
The order dismissing the complaint should be affirmed.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis and Burke concur with Judge Foster; Judge Fuld dissents in a separate opinion.
Order reversed, the complaint reinstated and a new trial ordered.

. Section 156 defines a trailer, subject to registration, as “Any vehicle not propelled by its own power drawn on the public highways by a motor vehicle as defined in section one hundred twenty-five operated thereon, except * * * vehicles designed and primarily used for other purposes and only occasionally drawn by such a motor vehicle.”