OPINION OF THE COURT
Charles J. Markey, J.
The legal issue of first impression in this state is whether a *500 “hi-lo forklift” constitutes a motor vehicle for purposes of New York Insurance Law sections governing vehicular accidents.
Defendant China Airlines, Ltd. leased a warehouse and a forklift at John F. Kennedy International Airport located in Queens County, New York. Defendant Worldwide Flight Services, Inc. was an independent contractor of China, engaged to handle all of China’s ground operations. The plaintiff, Rodney Mangra, was injured when, on November 13, 2000, while at China’s building number 76, dock number 3, picking up boxes of cargo, he was suddenly struck by a forklift being operated by defendant Dolphe Campbell, an employee of Worldwide.
Deposition testimony revealed that pursuant to China’s contract with Worldwide, China’s employees were not permitted to operate forklifts. Only Worldwide employees could do so, and Worldwide was responsible for the hiring, training, and supervision of its employees.
Mangra allegedly sustained a “serious injury” (Insurance Law § 5102 [d]), including herniated discs. This negligence action followed.
China moves for summary judgment, arguing that it must be dismissed from the case as a matter of law. It contends first that it was not responsible for the hiring, training, and supervision of employees at the warehouse. More important, it maintains that it cannot be held vicariously responsible for the accident under Vehicle and Traffic Law § 388. It is with respect to section 388 of the Vehicle and Traffic Law that the question of whether a hi-lo forklift can be considered a motor vehicle. In the alternative, China argues that Mangra did not sustain a serious injury.
The plaintiffs opposition to the motion is interesting. In its written papers, it conceded that no theory of liability may be maintained against China. Plaintiff further expressly conceded that a hi-lo forklift may not be considered a motor vehicle. Yet, plaintiff curiously continued that should the court disagree with the concession, it invited a finding that Mangra sustained a serious injury. At the oral argument of the motion, however, plaintiffs counsel seemed to back away from its earlier concession and invited the court’s review of the liability issue.
First, with regard to the question of whether Worldwide’s alleged negligence should be imputed to China, this court holds that it clearly may not. Just recently, the Appellate Division, First Department, in Adams v Hilton Hotels, Inc. (13 AD3d 175, 177 [2004]), stated:
*501 “It is settled that ordinarily ‘a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work (Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995])’ (Saini v Tonju Assoc., 299 AD2d 244, 245 [1st Dept 2002]). There are exceptions to this rule. A principal can be held vicariously liable for the acts of an independent contractor if ‘[it] is negligent in selecting, instructing or supervising the independent contractor; where the independent contractor is hired to do work which is “inherently dangerous”; and where the [principal] bears a specific, nondelegable duty’ (Saini, 299 AD2d at 245).”
None of these exceptions is applicable to this case. Plaintiff has concededly failed to show an applicable exception to the general rule barring imputation of liability from the independent contractor to the principal.
The more interesting issue is the one of first impression on whether a forklift qualifies as a motor vehicle. Vehicle and Traffic Law § 125 defines a motor vehicle as “[e]very vehicle operated or driven upon a public highway which is propelled by power other than muscular power.” Vehicle and Traffic Law § 134 defines “public highway” as “[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way.”
The forklift used in the present case was used in the warehouse and not on a public road. A forklift operator does not need to be specially licensed (see, Vehicle and Traffic Law § 501). A forklift, moreover, does not need to be registered with the Department of Motor Vehicles (see, Vehicle and Traffic Law § 401; accord People v Bay Ridge Operating Co., Inc., 259 App Div 260 [1st Dept 1940] [electric truck with small wheels that is used in warehouses and operated principally on private property did not need to be registered]).
This court’s independent legal research has explored cases from other jurisdictions. The overwhelming consensus is that a hi-lo forklift does not constitute a motor vehicle (see, Auto-Owners Ins. Co. v St. Paul Fire & Mar. Ins. Co., 765 So 2d 218 [Fla Ct App 2000] [forklift was not a registered vehicle]; O’Keefe v North Am. Refractories, 78 SW3d 760 [Ky Ct App 2002] [forklift was not on a public highway]; Stanton v City of Battle *502 Cr., 466 Mich 611, 618, 647 NW2d 508, 512 [2002] [a forklift is a piece of industrial construction equipment and thus is not similar to an automobile, truck or bus]; State Farm Mut. Auto. Ins. Co. v Gandy, 238 Va 257, 383 SE2d 717 [1989] [expense for treatment of bodily injuries sustained by insured when struck by a forklift on private property was not within coverage, since the policy expressly excluded medical payments coverage when insured is injured by equipment designed for use principally off public roads]; 11 Couch on Insurance 3d § 158:29 [1998]).
This court, accordingly, holds that a hi-lo forklift is not a motor vehicle and thus the vicarious liability of Vehicle and Traffic Law § 388 that ordinarily makes owners of motor vehicles financially responsible does not attach in the present case.
Accordingly, China’s motion for summary judgment is, in all respects, granted, and the complaint is dismissed against it, as well as any cross claims asserted against it. Under this holding, the court does not reach the issue of “serious injury.”