Nicolaides v Sunbelt Rentals, Inc (2025 NY Slip Op 50014(U))

[*1]

Nicolaides v Sunbelt Rentals, Inc

2025 NY Slip Op 50014(U)

Decided on January 6, 2025

Supreme Court, New York County

Clynes, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
Supreme Court, New York County

Alexander Nicolaides, Plaintiff,

against
Sunbelt Rentals, Inc, MCRT NORTHEAST CONSTRUCTION LLC., 
 NOMAD FRAMING OF NY, LLC, ROBERTO P. BERNAL-PEREZ, Defendants.

Index No. 159353/2018

Attorneys for Plaintiff 
Michael P. Napolitano
SULLIVAN PAPAIN BLOCK McGRATH COFFINAS & CANNAVO, P.C.
120 Broadway Fl 27
New York, NY 10271
Attorneys for Defendants
Kurtis R. McManus
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive 
Valhalla, NY 10595

James G. Clynes, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 were read on this motion to/for JUDGMENT - SUMMARY.
Upon the foregoing documents, the motion by Defendants, SUNBELT RENTALS, INC. ("SUNBELT"), MCRT NORTHEAST CONSTRUCTION LLC, NOMAD FRAMING OF NY, LLC and ROBERTO P. BERNAL-PEREZ pursuant to 49 U.S.C. 30106, CPLR 3211(a)(7), and CPLR 3212, to dismiss Plaintiff's Complaint as against Defendant SUNBELT, on the grounds that SUNBELT bears no liability arising out of a lessee's use of the vehicle during the lease period; and pursuant to CPLR 3212, granting summary judgment in favor of all Defendants, and dismissing plaintiff's Complaint, as there exists no triable issues of fact to warrant trial of this action since Plaintiff was the sole proximate cause of his accident is decided as follows:
Alexander Nicolaides (Plaintiff) seeks recovery for injuries allegedly sustained as a result of an August 15, 2018 accident. Plaintiff alleges that he was struck by a construction vehicle (a forklift) that was being operated on Willis Avenue (between Harrison and Searing Avenues) in Mineola, New York, and he was seriously injured as a result. 
Plaintiff filed an Amended Complaint, dated November 16 2018 (Complaint; NYSCEF Doc. No. 7), against Sunbelt Rentals, Inc. (Sunbelt, the forklift's owner), MCRT Northeast Construction LLC (MCRT, the contractor), NOMAD Framing of NY, LLC (NOMAD, a subcontractor of MCRT) and Roberto P. Bernal-Perez (Perez, an employee of NOMAD) (collectively, Defendants) for his alleged injuries. Defendants, represented by common counsel, filed a motion, dated July 5, 2022 (NYSCEF Doc. No. 68), seeking to dismiss the Complaint in its entirety as against all Defendants, pursuant to 49 USC 30106, CPLR 3211 (a) (7) and CPLR 3212.
Background and Procedural History
In support of their motion to dismiss, Defendants submitted a Statement of Material Facts (Defendants Statement; NYSCEF Doc. No. 70) and a supporting affirmation of counsel (Defendants Affirmation; NYSCEF Doc. No. 69). Plaintiff filed a statement in reply (Plaintiff Statement; NYSCEF Doc. No. 88), designating certain statements in Defendants Statement as undisputed or disputed, along with an affirmation of counsel in opposition (Plaintiff Opposition; NYSCEF Doc. No. 86). The background facts for this action, as summarized below, are based primarily upon Defendants Statement; the summarized facts are generally undisputed by the parties, unless otherwise indicated.
Sunbelt is the owner-lessor of the forklift, which was leased to MCRT for use at its job site in Mineola from August 6, 2018 through the date of the accident (i.e. August 15, 2018), and Sunbelt was never notified by MCRT or anyone of the alleged accident (Defendants Statement, ¶¶ 28-32; Plaintiff Statement, ¶¶ 28-32). The forklift does not have a license plate and is not registered with the New York State Department of Motor Vehicles (DMV) or with any other state; prior to leasing to MCRT, an inspection by Sunbelt was performed that revealed no issues relating to the forklift's operation and maintenance, and no issues were brought to Sunbelt's attention as to the forklift during the time it was in MCRT's possession (Defendants Statement, ¶¶ 33, 38-39; Plaintiff Statement, ¶¶ 33, 38-39). Perez, the forklift's operator at the time of the accident, was not an employee of Sunbelt and was not under its supervision and/or control; instead, Perez was NOMAD's employee and held a certificate in operating a forklift (Defendants Statement, ¶¶ 34-37; Plaintiff Statement; ¶¶ 34-37).
The alleged accident occurred along the roadway on Willis Avenue when Plaintiff rode his electric scooter to get to his workplace in Mineola; prior to the accident, Plaintiff did not study DMV or New York Traffic Laws for operating his scooter (Defendants Statement, ¶¶ 3-5). When Plaintiff first saw the forklift, it was about 10 feet in front of his scooter and allegedly [*2]crossing in front of him; to avoid being hit by the forks of the forklift (which were at his eye level), Plaintiff had to "dump the scooter" by jumping off and ended up landing on his bottom in the middle of Willis Avenue with his legs extended in front of him, at which time, the front right tire of the forklift allegedly ran over his left foot and ankle (id., ¶¶ 6-8). Plaintiff dumped his scooter to avoid colliding with the forklift, but its forks did not hit him; within less than a second after he landed on the roadway, the forklift allegedly ran over his foot, at which time, cars were passing on his left going northbound on Willis Avenue (id., ¶¶ 9-12).
David Robertson (Robertson), an employee of MCRT, testified that (1) he witnessed the accident, and prior to the accident, he was on the sidewalk observing traffic along Willis Avenue and guiding the forklift coming in and out of the parking lot at the job site, which was traveling at no more than 2 mph; (2) when the forklift made contact with Plaintiff, it was "at the curb and not on the roadway;" (3) "shortly thereafter, Plaintiff turned into the driveway and ran into the parked forklift;" (4) the scooter hit Plaintiff's leg and foot; (5) he then observed an abrasion on Plaintiff's foot, but Plaintiff was able to get up on his own after the accident (id., ¶¶ 13-21; referencing Robertson's deposition transcript, Exhibit J). The foregoing points, except the fifth, were disputed by Plaintiff. Robertson also testified that, after the police arrived, Plaintiff told the police the forklift ran over his foot, but Robertson said Plaintiff turned into the driveway and rode into the forklift (id., ¶ 25; referencing Robertson's deposition transcript). 
Perez, the forklift's operator, testified that (1) he did not see any contact between Plaintiff and the forklift; (2) he was operating the forklift in its lowest gear while going in and out of the parking lot; and (3) his first notice of an issue was when Plaintiff called out for him (id., ¶¶ 22-24; referencing Perez's deposition transcript, exhibit L). 
After Plaintiff served the Complaint, each Defendant filed an answer; Sunbelt also filed a third-party complaint, which has since been discontinued (Defendants Affirmation, ¶¶ 8-10). After discovery conferences in compliance with this Court's Case Scheduling Order, including depositions of Plaintiff, Sunbelt, MCRT, NOMAD and Perez, Plaintiff filed his Note of Issue (id., ¶¶ 11-15). Pursuant to this Court's Part Rules, this motion for summary judgment is timely filed by Defendants, along with Defendants Affirmation and various exhibits (id., ¶¶ 16-18). Plaintiff does not oppose Defendants' description of the procedural history for this action, and in fact "adopts and incorporates [the same] by reference" (Plaintiff Affirmation, ¶ 5).

Applicable Legal Standards
As noted above, Defendants seek to dismiss the Complaint in its entirety, pursuant to CPLR 3211 (a) (7) and CPLR 3212, primarily.
In considering a CPLR 3211 (a) (7) motion to dismiss, the court is to determine whether the pleading alleges a "cognizable legal theory" (Sokoloff v Harriman Estate Dev. Corp., 96 NY2d 409, 414 [2001]). "The motion must be denied if from the pleadings' four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Richbell Info. Servs., v Jupiter Partners L.P., 309 AD2d 288, 289 [1st Dept 2003], quoting 511 W. 232nd Owners Corp. v Jennifer Realty Corp., 98 NY2d 144, 151-152 [2002]). The pleadings are given a liberal construction, and the courts "accord plaintiffs the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87 [1994]; see also Nonnon v City of New York, 9 NY3d 825, 827 [2007] [dismissal warranted only if pleading failed to allege facts that fit within any cognizable legal theory]). While factual allegations are given a favorable inference, bare legal conclusions and inherently incredible facts are not entitled to preferential treatment (Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]). Whether the complaint or claim will [*3]survive a summary judgment motion, or whether the plaintiff will ultimately prove the claim, is irrelevant to the determination of a pre-discovery CPLR 3211 motion to dismiss (Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 6 [2013] ["[w]hether the plaintiff will ultimately be successful in establishing those allegations [of the complaint] is not part of the calculus" in determining a CPLR 3211 (a) (7) motion to dismiss [internal quotation marks and citations omitted]).
On the other hand, in a summary judgment motion pursuant to CPLR 3212, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once this showing is made, the burden then shifts to the party opposing the motion to produce evidentiary proof sufficient to establish the existence of material issues of fact which require a trial (id.). In weighing a summary judgment motion, "evidence should be analyzed in the light most favorable to the party opposing the motion (Martin v Briggs, 235 AD2d 192, 196 [1st Dept 1997]). Where different conclusions may reasonably be drawn from the evidence, the motion should be denied (Jaffe v Davis, 214 AD2d 330 [1st Dept 1995]).

Discussion
Alleged Liability of Sunbelt
As a preliminary matter, Defendants argue that the Complaint should be dismissed as against Sunbelt, as the owner/lessor of the forklift, pursuant to (1) New York's Vehicle Traffic Law (VTL) and/or (2) the Graves Amendment (enacted on August 10, 2005), 49 USC 30106, which prohibits claims based upon vicarious liability, and in light of the undisputed facts in this action (Defendants Affirmation, ¶¶ 27-50).
More specifically, Defendants argue that Sunbelt cannot be held vicariously liable under VTL 388, which is applicable only to a "motor vehicle" within the meaning of the statute, and the subject forklift is not a "motor vehicle," as defined by VTL 125 (Defendants Affirmation, ¶¶ 27-33, reciting VTL 388 and VTL 125, and referencing Mangria v China Airlines Ltd., 790 NYS2d 370 [Civ. Ct., Queens Cty 2005] [forklift was not a motor vehicle within the meaning of VTL because it did not require registration and the operator did not need to be licensed]). Defendants also argue the fact that the subject forklift was on Willis Avenue at time of the accident was "insufficient to establish" that it is a "motor vehicle" because it is not "primarily used or driven on a public road," but was only used in a "private construction site, which required a short time along the roadway" (id.; ¶¶ 34-35, referencing affidavit of Scott Marcus, manager of Sunbelt [Marcus Affidavit; NYSCEF Doc. No. 84; Exhibit N]).
Defendants further argue that, even assuming the forklift was a "motor vehicle," the Graves Amendment, as embodied in 49 USC 30106, provides that an owner-lessor of a motor vehicle shall not be liable under State law for personal injuries sustained in a motor vehicle accident, "if there is no negligence or criminal wrongdoing on the part of the owner-lessor" (Defendants Affirmation, ¶¶ 37-47, citing the Graves Amendment, and referencing Antonine v Kalandrishvili, 150 AD3d 941 [2d Dept 2017]; Cabrera v United Parcel Serv. Inc.,, 2020 NY Slip Op 32367 [U] [Sup Ct, NY County 2020] [Cabrera] [VTL 388 did not apply to equipment lessor of a boom lift that was not used or registered as a motor vehicle and, even if the lift were a motor vehicle, the Graves Amendment would bar claims against the owner under the facts of the case], affd 199 AD3d 507 [1st Dept 2021][affirming dismissal of claim as against lessor that did not exercise supervision or control of boom lift after delivery to lessee for use]).
Furthermore, Defendants argue that (1) the Complaint alleges in "boilerplate terms" that Defendants were "careless and negligent" in the management of the forklift, but Plaintiff does [*4]not provide evidence substantiating such allegation even after discovery practices; (2) Sunbelt inspected the forklift before leasing it to MCRT, MCRT expressly agreed to assume responsibility for its maintenance and operation during the rental period, and Sunbelt did not have control of it after MCRT placed the forklift into use by Perez, a NOMAD employee; and (3) there were no issues or complaints regarding the forklift's operation and maintenance prior to the accident (Defendants Affirmation, ¶¶ 46-49; referencing Marcus Affidavit). Accordingly, Defendants assert that the Complaint must be dismissed as to Sunbelt (id., ¶ 50).
In opposition, Plaintiff contends that (1) while Defendants claim that the forklift is not a "motor vehicle" within the meaning of the VTL, they also claim that the Graves Amendment protects Sunbelt from liability, as owner-lessor of a "motor vehicle" (if the forklift is considered a motor vehicle) when it was involved in a motor vehicle accident; (2) the foregoing claims are "self-contradictory;" and (3) because there is "a clear question of fact" as to the liability on the part of Sunbelt and whether the subject forklift was a "motor vehicle," the motion to dismiss must be denied (Plaintiff Opposition; ¶¶ 9-11).
Plaintiff does not dispute Defendants' statements discussing, among other things, the ownership, inspection, and maintenance of the forklift (see Defendants Statement, ¶¶ 28-39; Plaintiff Statement, ¶¶ 28-39). Unable to raise a disputed issue of fact or challenge the law cited by Defendants in their moving brief in support of the motion to dismiss, Plaintiff's mere contention  Defendants' claims of Sunbelt's non-liability under the VTL and/or the Graves Amendment are "self-contrary"  is unavailing. As noted by Defendants in their reply (Defendants Reply; NYSCEF Doc. No. 90), Plaintiff conflates Defendants' "multiple grounds for dismissal" for "contrary arguments;" in reality, these are not "contrary arguments," but "two mutually exclusive and perfectly viable bases for dismissal as to Sunbelt" (Defendants Reply, ¶¶ 3-4). Defendants also point out that this action against Sunbelt fails "regardless of whether this Court believes the forklift is considered a motor vehicle under the VTL," because "classification of the forklift has no bearing effect on the motion to dismiss and, thus, Sunbelt, as a matter of law, cannot be held liable under both scenarios" (id., ¶¶ 4-8).
The Court agrees with Defendants/Sunbelt (see e.g., Cabrera, supra [boom lift is not a "motor vehicle" under the VTL, and assuming it could be characterized as a "motor vehicle," its owner-lessor could not be held vicariously liable under the Graves Amendment for plaintiff's injuries where there was no negligence or criminal wrongdoing on part of the owner-lessor]). 
Accordingly, this action must be dismissed as against Sunbelt.
Alleged Liability of Remaining Defendants
Defendants contend that Plaintiff was not legally permitted to operate an electric scooter on the date of the accident and that he was the proximate cause of the accident, as he could not establish wrongdoing on Defendants' part (Defendants Affirmation, ¶¶ 51-70; noting that prior to August 2020, which predated the accident, DMV's website stated that the operation of a motorized scooter on any street or highway was prohibited [id., ¶¶ 60-61, n 1]). Defendants also argue that (1) Plaintiff's version of the events  he saw the forklift turning in front of him, he then jumped off the scooter, fell backwards and was run over by the forklift  is "completely nonsensical and defies the law of science and physics;" and (2) Plaintiff's claim that the forklift (weighing over 20,000 pounds) ran over his foot is "self-serving and illogical," because the record shows that his claimed injury "only resulted in a few non-disputed fractures of his left foot which did not require surgical intervention" (id., ¶ 52-54). Defendants argue Plaintiff's [*5]"uncorroborated testimony" as having no evidentiary value because it defies common sense and is "rebutted by overwhelming evidence suggesting otherwise" (id., ¶ 56). More specifically, Defendants argue that (1) Perez, who is certified to operate a forklift, was operating the forklift in a reasonable manner; he also testified that he did not see anyone on a scooter while he pulled the forklift into the parking lot; (2) Robinson, MCRT's employee who witness the accident, was observing traffic along the roadway and directing when Perez would enter and exit the parking lot; and (3) the Complaint must be dismissed against all Defendants because Plaintiff's illegal operation of the scooter and his driving into the forklift was the "sole proximate cause of the accident" (id., ¶¶ 57-70).
Plaintiff contends there are conflicting versions of the events: (1) Perez testified that he was unfamiliar with the name "Robertson" and could not recall if there was a flagman in front of him when he operated the forklift; (2) the "contemporaneously prepared" police report stated that "Perez failed to yield the right of way and struck Plaintiff in the street;"[FN1]
 (3) Perez also testified that he saw Plaintiff and the scooter "in the street" when he stopped the forklift, which is different from Robertson's testimony that Plaintiff drove the scooter into the parking lot's driveway causing the accident; (4) NOMAD's incident report (NYSCEF Doc. No. 87) stated that the accident happened when Perez struck a civilian while he was operating the forklift, that there was a personnel shortage at the jobsite, that as there was "no flagger;" and that "personnel should be re-trained in the proper use of forklift" (and Perez also testified that he had no knowledge if having a flagger was a requirement in operating a forklift); (5) NOMAD's "contemporaneous" report was "authenticated" by its own witness, Gustabo Yascaribay, who testified that he interviewed Perez at the jobsite after the accident; and (6) the above rebuts Defendants' argument that Plaintiff was the accident's proximate cause, which requires a denial of the motion to dismiss, in light of Plaintiff's "serious injuries" (Plf. Opposition, ¶¶ 13-24; referencing deposition transcripts as well as the police report and the NOMAD incident report).
In reply to Plaintiff's opposition, Defendants assert, among other things: (1) Plaintiff's location in the roadway after the accident has "no bearing effect as to the location of the forklift at the moment of impact as there was no testimony that a witness observed him on the ground of the sidewalk;" (2) Perez's unfamiliarity with Robertson "does not rebut" Robertson's testimony that he was acting as the flagger and directing Perez in and out of the parking lot; (3) NOMAD's incident report was not created "contemporaneously," but was rather prepared by a person in its office (by Susan Drossman) after speaking with Yascaribay, who was also not on site at the time of the accident, and thus the notation of "no flagger" in the report "is belied by Robertson's testimony and direct role on the site;" and (4) Plaintiff does not even address his "illegal operation" of the scooter at the time of the accident and his "nonsensical version" of the alleged events, including his allegation that the "multi-ton forklift ran over his foot," which undisputedly did not require any surgical intervention (Defendants Reply, ¶¶ 11-25).
As noted above, the police report that was taken after the accident does not provide a discussion of the accident's proximate causation; rather, it merely reported what the parties had [*6]told the police officer about the accident and his observation of the post-accident scene. As to the contents of NOMAD's incident report, which appear to be accurately summarized by Plaintiff, the summary reflects that there is a material discrepancy between the testimony of Robertson (a non-party in this action but a crucial MCRT witness to the accident) and the statements/comments of NOMAD's employees (i.e. Perez and Yascaribay), particularly in terms of a purported "personnel shortage" at the jobsite on the day of the accident and Robertson's purported role as "the flagger" on that day. Besides the foregoing factors, there also appears to be a material disputed issue of fact as to whether Plaintiff had suffered "serious injuries" in the accident, as he repeatedly alleges.
In light of the legal standards in considering CPLR 3211 (a) (7) and CPLR 3212 motions, which are applicable to this action and the instant motion, Defendants' requested relief of dismissing the Complaint is denied as to MCRT, NOMAD and Perez.
Based on the foregoing, it is hereby
ORDERED that the motion of defendants to dismiss the Complaint (motion sequence number 002) is granted only to the extent of dismissing the Complaint as to defendant Sunbelt Rentals, Inc., and the Clerk of the Court is directed to enter judgment accordingly; and it is further
ORDERED that this action is severed as to defendant Sunbelt Rentals, Inc. only, and is continued as to the remaining defendants; and it is further
ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further
ORDERED that counsel for the Plaintiff shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further
ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
DATE 1/6/2025
JAMES G. CLYNES, J.S.C.

Footnotes

Footnote 1: The police report (NYSCEF Doc. No. 3) that was prepared after the accident actually states: "Driver of MV1 was operating a forklift and struck a bicyclist operating a scooter. Forklift left parked at scene." Notably, the report does not state that "Perez failed to yield the right of way," as Plaintiff alleges.